[Crim. No. 5295. Second Dist., Div. Three. Apr. 21, 1955.]

THE PEOPLE, Respondent, v. DAVID FUENTES et al., Defendants; RONALD MACK LAMBERSON, Appellant.

Ivan R. Wainer for Appellant.

Edmund G. Brown, Attorney General, and James C. Maupin, Deputy Attorney General, for Respondent.

VALLÉE, J.—Lamberson and Fuentes were convicted by a jury on two counts of armed robbery. Lamberson was also found by the jury to have suffered a prior conviction of robbery. Lamberson, referred to as defendant, appeals from the judgment and from the order denying his motion for a new trial.

Defendant's principal ground for reversal is that due to the loss of part of the reporter's notes covering some of the defense, he has been placed in a position where he cannot

show "by the reports of the evidence" that the judgment appealed from has resulted in a miscarriage of justice.

The reporter's transcript on appeal consists of the evidence in chief of the prosecution, the testimony of defendant's wife on defense, the testimony of a witness for the defense on direct and part of her cross-examination, and a transcript of the judge's notes "as to a portion of the Reporter's notes, which have been lost."

The record shows that after the notice of appeal was filed proceedings were had for "Settlement of Statement on Appeal" at which the deputy district attorney who tried the case and the attorney who had represented defendant at the trial were present. At that hearing the trial judge stated that the reporter had misplaced or lost a notebook which contained a part of the testimony, "the latter portion of the testimony taken at the trial," and that he was unable to find it. The judge stated he had taken notes and had gone over them with the reporter and with both counsel; that the reporter had told him the notes coincided with his recollection and that the reporter "was unable to add anything to the narrative statement, other than a few words which he did add, by way of correction or addition"; that he had "gone through these notes with both counsel. They have both made suggestions to me regarding objections, rulings, so forth, which we have all agreed upon and which I have added on this copy of the notes which were typed up from my handwritten notes"; that "The Court's notes were fairly complete in this case" and "I feel in this case all of the substance of the testimony is set forth in narrative form and all of the rulings are set forth, and I have gone through it with counsel, invited additions or corrections or deletions or anything counsel might suggest in an effort to secure an adequate and complete record"; that "There were no objections made by either counsel to the argument of the other."[1] On suggestion of

---

[1]The judge further stated:

"I want the record to show that the Court's notes were made in narrative form, not in the form of questions and answers. The Court did not write shorthand but wrote longhand. My notes are not verbatim notes and do not purport to be, but merely are in narrative form showing the substance of the testimony. In some places where it was deemed important I took a few words verbatim, and in most cases when I took statements verbatim I put quotation marks before and after such statements and there are a number of such statements throughout these eight pages with quotation marks, and where those appear they are verbatim. They are not completely verbatim; the entire record is not verbatim, only those portions bearing quotation marks. For the most part, the notes are a narrative of what occurred, a narrative boiled down from

counsel for both parties a number of matters were added to the judge's notes.

Counsel for defendant objected to the settling of the record on the ground "it is impossible to present an adequate record on appeal based purely upon the memory of counsel and upon the notes that the Trial Judge was able to take at the time of the trial." The court then settled the notes and the additions as a partial statement on appeal to supplement the reporter's transcript. The trial judge has certified:

"[T]hat the objections made to the transcript herein have been held and allowed and the same is now corrected in accordance with such determination within the time allowed by law and the same is now therefore approved by me this 21st day of October, 1954."

Rule 35(b) of the Rules on Appeal provides, "The reporter shall prepare . . . the reporter's transcript . . . and shall append . . . a certificate that it is correct." Rule 36(a) provides, "The parties may present the appeal on an agreed statement" and rule 36(b) provides, "If a transcription of any part of the oral proceedings cannot be obtained for any reason, the appellant, as soon as the impossibility of obtaining a transcript is discovered, may serve and file an application for permission to prepare a settled statement in place thereof." The rules make no provision for a situation such as the present where literal compliance with rule 35(b) has become impossible without fault of any party and where the defendant-appellant has not chosen to appeal on an agreed statement.

The impossibility of procuring a reporter's transcript is not a ground for granting a new trial. (Pen. Code, § 1181.) An appellant has no right to a transcript prepared in a particular manner. The burden of furnishing the re-

---

both the questions and the answers. Sometimes the substance of the testimony is contained in a question which might be answered with a 'yes' or a 'no.' Other times a question might be very brief and the answer might be lengthy and the substance of the testimony would be found in the answer rather than in the question. But in all cases where no quotation marks appear it is a brief narrative giving the substance and the effect and the purport of the testimony. I have also noted certain objections, rulings, and since going over these further this morning with both counsel, I have added two other—that is in two other places I have added notations regarding rulings which all three of us recall, that is both counsel and the Court. And I think now that we have all of the rulings, or at least all of the rulings of any consequence, which occurred during this period of testimony which occurred and was reported in the notebook which has been lost by the reporter."

viewing court with a statement on appeal where a transcription of the reporter's notes cannot be had is on the appellant. (*People* v. *Chessman*, 35 Cal.2d 455, 457-458 [218 P.2d 769, 19 A.L.R.2d 1084].) ▮ If a record can be "prepared in such a manner as to enable the court to pass upon the questions sought to be raised," then there is no rational likelihood or legally cognizable possibility of injustice to the appealing defendant even though a verbatim record certified by the official court reporter cannot be supplied. (*Id.*, p. 460.) ▮ "Inconsequential inaccuracies or omissions in a record cannot prejudice a party; if in truth there does exist some consequential inaccuracy or omission, the appellant must show what it is and why it is consequential." (*Id.*, p. 462.)

The trial judge has determined that the record is adequate. ▮ We may not presume that defendant did not have a fair trial because part of the reporter's notes had been lost without fault of either party. (*People* v. *Botkin*, 9 Cal.App. 244, 249 [98 P. 861].) On this appeal we must presume that defendant has been accorded a fair trial and that the judgment of conviction is valid. This presumption is buttressed by the fact that the trial judge denied defendant's motion for a new trial. ▮ The burden is on defendant of showing either prejudicial error in the record or that the record is so inadequate that he is unable to show such error. (*People* v. *Chessman, supra,* 35 Cal.2d 455, 462.) No· such showing is made in the case at bar.

Our examination of the record in the light of defendant's contentions discloses that it is adequate to permit this court to perform its function of reviewing the cause and determining whether there was error in the court below and, if so, whether such error requires reversal. The record is sufficient to enable us to ascertain whether there was a fair trial and whether there has been a miscarriage of justice. The record contains ample evidence to support the verdict. Defendant does not claim otherwise. His contentions are that the court erred with respect to various rulings made during the course of the trial.

As to count I, Mrs. Dolores Gallegos testified that defendant and Fuentes held her up and robbed her of about $100 in her grocery store on the night of December 30, 1953. She was positive of the identification. Defendant had a gun pointing at her.

As to count II, Mrs. Wilma Rice testified that defendant and Fuentes held her up and robbed her of about $547 in

cash and checks in her place of business on the morning of January 8, 1954. She was positive of the identification. A Mr. Latchford who was present testified to the same effect. He also was positive as to the identification. Defendant forced his commands with a gun. There was evidence of admissions by defendant as to both offenses. The defense as to both counts was an alibi and error in identification.

A police officer called by the People testified to a conversation with Fuentes and that another officer said to Fuentes: ''All we want is to get the gun so that some of your friends, some of your hype friends won't get it and go out and pull some more robberies.'' Defendant and Fuentes were represented at the trial by the same attorney. On motion of defendant's counsel the word ''hype'' was stricken. Defendant asserts that the making of the statement by the officer was error. There was no error. The testimony of the officer was offered and received as against Fuentes only and the jury was instructed not to consider it at all as against defendant.

It is contended that the court erred in permitting cross-examination of Mrs. Lamberson, wife of defendant, beyond the scope of the direct. Mrs. Lamberson, whose testimony in full is part of the reporter's transcript, testified on direct that defendant was in her presence and not at the scene of the robberies at all times during which they were committed. On cross she was asked numerous questions for the purpose of showing that her memory was faulty. Defendant does not point to any part of the cross-examination that went beyond the scope of the direct. We have examined the entire testimony of Mrs. Lamberson and find no error.

One Kobzeff was called as a witness by defendant. On direct he testified he was in a line-up at a police station, at which time Mrs. Gallegos and Mrs. Rice identified defendant and Fuentes as the robbers. He said he stood by defendant as Mrs. Gallegos said, ''This is the one,'' and that it looked as if she pointed at him (Kobzeff). On cross Kobzeff was asked if he had been convicted of a felony. Defendant's objection was overruled. He answered that he had been. Defendant claims the ruling was error. There was no error. A witness may be impeached by the party against whom he is called by interrogation on cross-examination as to whether he had been convicted of a felony. (Code Civ. Proc., § 2051; *People* v. *Peete*, 28 Cal.2d 306, 321 [169 P.2d 924].)

Defendant offered the original complaint in the action

in evidence. The People's objection to its reception was sustained. Defendant asserts error. Apparently the complaint was not marked for identification. It is not included in the record. There is no reason why, if it was marked for identification, it could not have been included in the record. In the absence of the complaint, its exclusion is no ground on which to predicate error.

The case is simply one in which the jury believed the witnesses for the prosecution and disbelieved the defendant and his witnesses. The claims of defendant are entirely without merit. There is no showing of prejudicial inadequacy in the content of the record or of prejudice in the record. We are of the opinion that defendant had a fair trial and that there was no error in the rulings of which defendant complains.

The judgment and the order denying a new trial are affirmed.

Wood (Parker), J., concurred.

SHINN, P. J.—I concur in the judgment upon the ground that the record discloses no miscarriage of justice. But I take this occasion to state my opinion that the inability of a defendant desiring to appeal to obtain a reporter's transcript should be made a ground for granting a new trial, as it is in a civil case. It is far better that a defendant be retried than that the state should permit itself to be subject to the criticism that it has denied an appellant a fair and adequate record on appeal.

Appellant's petition for a hearing by the Supreme Court was denied May 18, 1955. Carter, J., was of the opinion that the petition should be granted.