[Crim. No. 19376. Second Dist., Div. Five. Jan. 25, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
ZACHARY JULIUS SCOTT, Defendant and Appellant.

**COUNSEL**

Sheldon S. Ellis, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**—Defendant was charged by information with two counts of selling marijuana (Health & Saf. Code, § 11531) and one count of

selling benzedrine (Health & Saf. Code, § 11912). He pleaded not guilty. A jury found him guilty on each count. Proceedings were suspended, and defendant was placed on three years' probation on various terms and conditions. He appeals from the judgment (order granting probation).

Defendant's trial commenced May 6, 1969. All evidence was presented, and the cause was argued on that date. The jurors were instructed and rendered their verdict the following day. Defendant was placed on probation May 28, 1969. Defendant's notice of appeal was received by the Clerk of the Court of Appeal on December 10, 1969. Pursuant to rule 31a of the California Rules of Court it was deemed timely filed. Thereafter a clerk's transcript was duly prepared as part of the record on appeal. A partial reporter's transcript covering the proceedings of May 7 and 28, 1969, was also prepared, together with an affidavit by the court reporter stating that she had been unable to locate her notes for May 6, 1969, despite a thorough and diligent search for them. Upon being advised of the unavailability of these notes, this court ordered that the superior court should cause a settled or agreed statement covering the May 6, 1969, proceedings to be prepared and filed as part of the record on appeal. Judge Herbert V. Walker, who had presided at the trial but who was by then retired from the superior court bench, agreed to accept an appointment for the month of April 1971 to help settle the record on appeal. No settled or agreed statement was arrived at during the term of Judge Walker's appointment, apparently because appointed counsel on appeal was worried about jeopardizing defendant's position by participating in proceedings which would produce such a statement. After Judge Walker's appointment had terminated, and in order to avoid further imposition upon Judge Walker's good offices, appointed counsel entered into what is entitled on its face an "Agreed Statement on Appeal Pursuant to Rules 6 and 36(a)."

The statement was arrived at on the basis of consultation by defendant's appointed counsel on appeal with defendant's trial counsel and with the deputy district attorney who tried the case. Counsel on appeal also reviewed the preliminary hearing transcript as well as other available court documents before agreeing to the statement. Defense counsel, however, treats the statement as the equivalent of a settled statement rather than an agreed statement. Indeed the document contains within its terms a proviso that the statement does not prejudice defendant's right to challenge the constitutionality of the procedure for obtaining a settled statement on appeal under rules 7 and 36(b) of the California Rules of Court. We think it clear that counsel's entering into the statement was tantamount to a stipulation that this was the statement that would have been settled by Judge Walker had he been reappointed for that purpose. We therefore treat the statement as a settled statement for purposes of this appeal.

The facts contained in that statement are as follows: Officer Bosse of the Los Angeles Police Department was working in an undercover capacity on November 7, 1968. While seated in his car on Bonsallo Avenue with an informant named Tony, Bosse observed defendant. Tony called defendant over and asked him if he knew where they could get some marijuana. A conversation took place between defendant and Tony which Bosse did not hear. Defendant got into Bosse's car and directed him to drive to a certain location. Defendant asked Bosse if he wanted "one bag." Bosse said that he did. Bosse understood this to mean five or ten dollars worth of marijuana. Defendant left the car. He returned in about 10 minutes. Bosse drove back to Bonsallo Avenue. Defendant handed Bosse a wax paper bag, stipulated to contain marijuana, for which defendant requested seven dollars. Bosse paid him. Defendant and Tony then left.

On November 8, 1968, Bosse and Tony were again seated in Bosse's car on Bonsallo Avenue. They saw defendant. Tony called him over and asked if he could get Bosse a "couple of rolls of whites." Bosse understood this to mean a foil-wrapped roll of five to ten amphetamine tablets. Defendant entered a nearby apartment house. He returned about five minutes later and handed Bosse two foil wrapped packages of tablets stipulated to contain amphetamine. Bosse asked the price of the tablets. Defendant asked for two dollars. Bosse and defendant went to a liquor store where Bosse changed a five dollar bill. Bosse then paid defendant two dollars. Bosse also asked defendant if they could "score some more weed," which meant purchase more marijuana. Defendant said that they would have to go back to the location he had directed Bosse to the previous day. Bosse again drove to that location. Defendant asked him what he wanted. Bosse replied that he wanted a five dollar bag. Defendant said that they only came in eight and ten dollar bags. Bosse reminded defendant that he had paid only seven dollars the day before. Defendant said that there was a different seller involved this time. Bosse said that he would take an eight dollar bag. Defendant left the car and walked out of Bosse's sight. He returned about five minutes later and handed Bosse a wax paper bag stipulated to contain marijuana. Bosse handed defendant a twenty dollar bill. Defendant again left the car and walked out of Bosse's view. He returned about five minutes later and gave Bosse his change. Bosse then drove defendant and Tony back to Bonsallo Avenue.

Defense counsel successfully objected to the admission of evidence regarding an extrajudicial identification of defendant by Bosse at Los Angeles Police Department headquarters.

Defendant testified in his own behalf. He denied having ever sold marijuana or amphetamines to anyone. He claimed to have been playing foot-

ball with Blaine Anthony Lucas on November 7, 1968, at the time the alleged original sale to Bosse took place, and to have been visiting at Lucas' home on November 8 when the latter two sales were alleged to have occurred. Lucas also testified and corroborated defendant's alibi for each of the two days.

Bosse testified in rebuttal that the sales took place only two blocks from the location defendant and Lucas claimed to have been at on November 7 and 8.

The successful objection to the introduction of evidence regarding the extrajudicial identification of defendant by the officer was the sole objection made by defense counsel at trial. There were no pretrial defense motions.

Defendant raises this single contention on appeal: that whenever a defendant, through no fault of his own, is denied a full and complete trial transcript, he is deprived of his constitutional right to an effective appeal. Recognizing, however, that the courts have reversed convictions in cases where no transcript was available only when there was no effective substitute for a transcript (e.g., *People* v. *Serrato,* 238 Cal.App.2d 112 [47 Cal. Rptr. 543]; cf. *People* v. *Chessman,* 35 Cal.2d 455 [218 P.2d 769, 19 A.L.R.2d 1084]; *People* v. *Fuentes,* 132 Cal.App.2d 484 [282 P.2d 524]), defendant further argues that a settled or agreed statement can never be an adequate substitute for a transcript when counsel on appeal is someone other than counsel at trial. In view of defendant's indigency, this latter argument raises issues under the equal protection provisions of the United States Constitution. Those provisions, however, require only that an indigent defendant be provided with as adequate and effective a review as would be afforded a defendant with funds. (*Draper* v. *Washington,* 372 U.S. 487, 488, 496 [9 L.Ed.2d 899, 901, 905, 83 S.Ct. 774].) The transcript involved herein, of course, is unavailable solely because the reporter's notes have been lost. Defendant could not obtain a more extensive record on appeal had he unlimited wealth. This case is thus clearly distinguishable from those cases which have discussed the state's refusal to provide transcripts which would be available to a nonindigent defendant. (*Mayer* v. *Chicago,* 404 U.S. 189 [30 L.Ed.2d 372, 92 S.Ct. 410]; *Hardy* v. *United States,* 375 U.S. 277 [11 L.Ed.2d 331, 84 S.Ct. 424]; *Draper* v. *Washington, supra,* 372 U.S. 487; *Griffin* v. *Illinois,* 351 U.S. 12 [100 L.Ed. 891, 76 S.Ct. 585]; *Grimes* v. *Municipal Court,* 5 Cal. 3d 643 [97 Cal.Rptr. 9, 488 P.2d 169]; *Magezis* v. *Municipal Court,* 3 Cal.3d 54 [88 Cal.Rptr. 713, 473 P.2d 353].)

The only way in which it is arguable that defendant is being denied equal protection is that he, as a result of his indigency, is being represented by appointed counsel on appeal who has no personal knowledge of what transpired at trial, whereas, presumably, if he had funds he could hire his trial counsel to represent him on appeal. "Exact equality is no prerequisite of equal protection of the laws within the meaning of the Fourteenth Amendment." (*Norvell* v. *Illinois,* 373 U.S. 420, 423 [10 L.Ed.2d 456, 459, 83 S.Ct. 1366].) Under the precise facts before us we do not feel that there is any barrier to appointed counsel's effective representation of defendant on appeal merely because he did not represent him at trial. Trial counsel made himself available for consultation with appellate counsel. Defendant has not requested nor has appointed counsel suggested that we seek to appoint trial counsel as counsel on appeal.[1] Presumably trial counsel made known to appellate counsel in their consultations his own thoughts on possible appellate issues. Under the circumstances we are convinced beyond a reasonable doubt (*Chapman* v. *California,* 386 U.S. 18, 24 [17 L.Ed.2d 705, 710, 87 S.Ct. 824, 24 A.L.R.3d 1065]) that defendant is not being deprived of effective representation of counsel on appeal, or of the equal protection of law, by virtue of the fact that he is being represented by new counsel on appeal.

We turn now to a consideration of the due process issues raised by defendant's contention. In this connection we note that the cases cited above which deal with the right of indigents to an adequate record on appeal have held that "[a] 'record of sufficient completeness' does not translate automatically into a complete verbatim transcript." (*Mayer* v. *Chicago, supra,* 404 U.S. 189, 194 [30 L.Ed.2d 372, 378]; *Draper* v. *Washington, supra,* 372 U.S. 487, 495 [9 L.Ed.2d 899, 905]; *Griffin* v. *Illinois, supra,* 351 U.S. 12.) The issue before us, therefore, is whether the record which is available to defendant is adequate to afford him effective appellate review. (*People* v. *Fuentes, supra,* 132 Cal.App.2d 484, 488.)

Preliminarily, we note that the record before us discloses neither negligence nor misconduct on the part of the court reporter. We must, therefore, treat this case as one in which a complete transcript is unavailable through no fault of either party. (*People* v. *Fuentes, supra.*) The instant case is thus distinguishable from *People* v. *Serrato, supra,* 238 Cal.App.2d 112, where, had the court reporter complied with his duty to prepare a transcript when the notice of appeal was first filed, the notes, presumably, would have been available. The case before us is further distinguishable from *Serrato*

---

[1]Trial counsel was employed as a public defender at the time of trial. He is presently in private practice.

in that the trial judge and both trial attorneys were available to help reconstruct defendant's trial proceedings and, in addition, counsel on appeal had available to him a preliminary hearing transcript. The People's case was an extremely straightforward one involving but a single witness. The settled statement contains a detailed explication of the facts. Defendant has not contended that he recalls any issues of fact or law which were before the trial court which are omitted from the settled statement. Nor does he assert that there is material included in that statement which was not, in fact, before the trial court. We find that the settled statement is a fair substitute for a complete transcript and that the record before us is adequate to afford defendant effective appellate review. (*People* v. *Chessman, supra,* 35 Cal.2d 455; *People* v. *Fuentes, supra,* 132 Cal.App.2d 484.)

No errors appear on the record before us and none are raised by defendant.

The judgment (order granting probation) is affirmed.