[Civ. No. 14347. Fourth Dist., Div. One. Feb. 25, 1976.]

In re DAVID T., a Minor.
A. G. FORBES, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
DAVID T., Defendant and Appellant.

[Civ. No. 14541. Fourth Dist., Div. One. Feb. 25, 1976.]

In re BRUCE W., a Minor.
A. G. FORBES, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
BRUCE W., Defendant and Appellant.

**COUNSEL**

J. Perry Langford and Alden J. Fulkerson, under appointment by the Court of Appeal, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Karl J. Phaler, Jeffrey A. Joseph and John W. Carney, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

COUGHLIN, J.*—The minors appeal from orders of the juvenile court decreeing them wards following a jurisdictional hearing in which the oral

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

proceedings were not recorded by an official reporter, as required by Welfare and Institutions Code section 677 which provides: "At any juvenile court hearing conducted by a juvenile court judge, *an official court reporter* shall . . . take down in shorthand all the testimony and all the statements and remarks of the judge and all persons appearing at the hearing; . . ." [Italics ours.]

The minors contend the failure of the court to appoint an official court reporter to record the proceedings at the jurisdictional hearing was prejudicial error requiring a reversal. The issue was presented to this court by the minors' motions to reverse and order a new trial, which were supported by declarations and other evidence. ■ This court may entertain the motions and grant the relief requested in the exercise of its inherent power to reasonably control the proceedings before it in order to insure the orderly and effective administration of its functions as a court of appeal (*Hays* v. *Superior Court,* 16 Cal.2d 260, 264 [105 P.2d 975]; *Millholen* v. *Riley,* 211 Cal. 29, 33-34 [293 P. 69]; *Estate of King,* 121 Cal.App.2d 765, 774 [264 P.2d 586]; *Corum* v. *Hartford Acc. & Ind. Co.,* 67 Cal.App.2d 891, 896 [155 P.2d 710]).

■ The trial court directed a shorthand reporter, who was not an official court reporter, to record the oral proceedings. The qualifications of an official reporter are prescribed by Government Code section 69942 which provides: "No person shall be appointed to the position of official reporter of any court unless . . . he has been first examined as to his competency by at least three members of the bar practicing in the court and designated by the judge or judges of the court, or has first obtained a license to practice as a certified shorthand reporter from the Certified Shorthand Reporters Board."

The shorthand reporter appointed to record the proceedings at bench had not been examined by members of the bar as required by section 69942, nor had he obtained a license as prescribed by that section. He made three applications for such a license before the jurisdictional hearing, and one after the hearing. Each was denied because he failed to pass the required examination. The reporter's transcript on appeal in this court is a transcript prepared and certified by an unqualified shorthand reporter designated by the trial court; it is not a transcript by an official court reporter of that court.

On an appeal from an order of the juvenile court the record of the oral proceedings before that court is a transcript thereof prepared and certified by the official reporter (Welf. & Inst. Code §§ 677, 800; rule

4(d) California Rules of Court). In *Dana J.* v. *Superior Court,* 4 Cal.3d 836, 840, fn. 6 [94 Cal.Rptr. 619, 484 P.2d 595], the court said: It is clear from section 800 of the Welfare and Institutions Code "the Legislature did not intend to permit the juvenile court to order a settled statement in lieu of a transcript, as is the practice in certain criminal appeals." Obviously the reporter's transcript to which the minor is entitled under Welfare and Institutions Code section 800 and rule 4(d) California Rules of Court is a transcript prepared and certified to be correct by the official reporter the court is required to appoint to record the oral proceedings (Welf. & Inst. Code §§ 677, 800).

In the case at bench the error of the court in failing to appoint an official reporter to record the proceedings prevented the minors from perfecting their appeals with a record the statute prescribes they have a right to demand (Welf. & Inst. Code § 677). The substitution of a reporter's transcript prepared and certified by a shorthand reporter not qualified or appointed to be an official reporter in lieu of a transcript by an official reporter denies the minors the appeals to which they are entitled under the statute (gen. see *Dana J.* v. *Superior Court, supra,* 4 Cal.3d 836, 840, fn. 6). The statute prescribes the minimum qualifications presumed to assure a prima facie accurate transcript. Less than these qualifications supports a contrary presumption which renders the certification of accuracy prescribed by the statute meaningless.

The Attorney General contends the situation is controlled by the decisions in *People* v. *Chessman,* 35 Cal.2d 455 [218 P.2d 769, 19 A.L.R.2d 1084], *People* v. *Scott,* 23 Cal.App.3d 80 [100 Cal.Rptr. 34] and *People* v. *Fuentes,* 132 Cal.App.2d 484 [382 P.2d 524], which dealt with the inadvertent loss of the official reporter's notes, and held a "fair substitute" would suffice. None of the cited cases involved an appeal from an order of the juvenile court, or a situation where there were no official reporter's notes at any time. In *Chessman* the court said: ". . . where literal compliance with the rules has become impossible *without fault of anyone,* and we are confronted with a situation not expressly covered by the rules, we should inquire whether there is or can be made available a record on which this court can perform its function of reviewing the cause and determining whether there was error in the court below and, if so, whether such error requires reversal." [Italics ours.] (*People* v. *Chessman,* 35 Cal.2d 455, 460 [218 P.2d 769, 19 A.L.R.2d 1084].) See also *People* v. *Scott, supra,* 23 Cal.App.3d 80, 85.

In the case at bench compliance with the statute became impossible because of the "fault" of the court, i.e., its error in failing to comply with

802

the statute. ■ The trial court may not deny a minor the reporter's transcript to which he is entitled and require him to provide and rely on a "fair substitute" (cf. *People* v. *Gloria,* 47 Cal.App.3d 1, 7 [120 Cal.Rptr. 534]; *People* v. *Serrato,* 238 Cal.App.2d 112 [47 Cal.Rptr. 543]).

■ We conclude the failure of the trial court to comply with Welfare and Institutions Code section 677 was prejudicial, i.e., per se requires the orders from which the minors appeal to be set aside and new trials ordered in which the oral proceedings are recorded by an official reporter (cf. *People* v. *Hosner,* 15 Cal.3d 60, 70-72 [123 Cal.Rptr. 381, 538 P.2d 1141]). This conclusion comports with the policy of the law expressed in Code of Civil Procedure section 914, added in 1968, which authorizes the trial or reviewing court to set aside an order from which an appeal has been taken and grant a new trial where it is impossible to have a phonographic report of the trial transcript by a stenographic reporter, as provided by law, because of the death or disability of the reporter or because of loss or destruction of the notes of the reporter.

The orders decreeing the minors wards of the court are set aside and new trials are ordered.

Brown (Gerald), P. J., and Ault, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 22, 1976.