Opinion
 

 HOPPER, J.
 

 This case is before us on a motion under Penal Code section 1181, subdivision 9, for an order vacating a judgment, which motion was consolidated with an appeal to this court. The motion is based upon the fact that the official court reporter had lost her notes and was unable to provide a transcript of the arguments to the jury. Defendant Apalatequi raised several issues on appeal, including a contention of prosecutorial misconduct in the arguments to the jury. This court denied without prejudice the original motion to vacate the judgment because the defendant had not attempted to obtain a settled statement on appeal. Defendant then submitted a proposed settled
 
 *972
 
 statement. That proposed settled statement by the defendant read as follows:
 

 “During the final closing argument, the district attorney made the following statements to the jury:
 

 “We wouldn’t have wasted the time and expense of a jury trial if we didn’t think the defendant actually sold heroin. The defendant and others who sell heroin are scum. If the defendant is acquitted you might find your child dead of an overdose because of him.
 

 “The context within which these remarks were made did not dimmish their prejudicial effect.
 

 “Defendant’s attorney objected to these remarks.”
 

 The prosecutor objected to the defendant’s proposed settled statement. A hearing was duly held at which time the trial judge stated that he did not have an independent recollection and that perhaps testimony would ring a bell. Testimony was elicited from the defendant, his trial counsel, the prosecutor, and a juror. Defendant and his trial counsel testified that each of them recalled the statements set forth in the defendant’s proposed settled statement. The juror recalled the reference to “children of the jurors” and remembered “overdose” being used, but was not sure whether the word “overdose” occurred during the argument or during jury deliberations. The prosecutor denied making the statements attributed to him by the defendant. The trial judge rejected defendant’s proposed settled statement and accepted substantially all of the prosecutor’s proposed settled statement. The engrossed settled statement which the defendant contends was incomplete said in pertinent part:
 

 “The Court, having heard testimony, arguments of counsel and having reviewed it’s [m'c] file certifies the following as the Settled Statement of pertinent events which occurred during the final arguments of counsel on October 13 th, 1976:
 

 “In the course of closing argument, counsel for defendant argued that the prosecution’s case was unreliable and that an information is not evidence of guilt.
 

 “In rebuttal the Deputy District Attorney argued ‘it is certainly the law of this state, as well as others, that merely because an information is filed or a person is arrested is no evidence of his guilt. However, the Sheriff’s
 
 *973
 
 Department and all of it’s [s/c] resources would not have conducted a buy program such as this and expended tremendous time and energy on suspicions only.
 

 “ ‘We would not have wasted your, time here at a jury trial if there was not strong evidence against this defendant.’
 

 “There was no objection to any of the foregoing by the defendant.”
 

 The judge stated that he did not have a specific memory of the argument of counsel, but believed that the prosecutor had not made the remarks attributed to him by the defendant because, if such remarks had been made, the judge would have immediately admonished the jury to ignore such remarks.
 

 Penal Code section 1181, subdivision 9, provides in pertinent part as follows: “9. When the right to a phonographic report has not been waived, and when it is not possible to have a phonographic report of the trial transcribed by a stenographic reporter as provided by law or by rule . . . because of the loss or destruction, in whole or in substantial part, of the notes of such reporter, the trial court or a judge, thereof, or the
 
 reviewing court
 
 shall have power to set aside and vacate the judgment. . . from which an appeal has been taken . . . and to order a new trial of the action or proceeding.” (Italics added.)
 

 While an official court reporter’s
 
 notes
 
 of every part of a proceeding may not be necessary
 
 (People
 
 v.
 
 Hulderman
 
 (1976) 64 Cal.App.3d 375 [134 Cal.Rptr. 223];
 
 People
 
 v.
 
 Scott
 
 (1972) 23 Cal.App.3d 80 [100 Cal.Rptr. 34];
 
 People
 
 v.
 
 Fuentes
 
 (1955) 132 Cal.App.2d 484 [282 P.2d 524]), we believe that, when viewed in the light of contention of prosecutorial misconduct alleged by the defendant here, the arguments to the jury in this particular case were a substantial part of the record. The method of an engrossed settled statement is insufficient to afford this defendant effective appellate review. On appeal there must be an adequate record to enable the court to pass upon the questions sought to be raised
 
 (People
 
 v.
 
 Chessman
 
 (1950) 35 Cal.2d 455, 460 [218 P.2d 769, 19 A.L.R.2d 1084]). This we are unable to do in respect to the alleged prosecutorial misconduct in the arguments without being able to make an analysis of the entire argument. A transcript is vital to a full consideration of the particular contentions of this defendant on appeal. There is simply no effective substitute for a reporter’s transcript in this case (see
 
 People
 
 v.
 
 Serrato
 
 (1965) 238 Cal.App.2d 112, 118 [47 Cal.Rptr. 543]).
 

 
 *974
 
 Unlike
 
 Scott, supra,
 
 23 Cal.App.3d 80, 85-86, the defendant here contested the completeness and accuracy of the settled statement and by the very nature of the contention being one regarding closing argument, there was no assistance which could be given by a transcript of previous proceedings. Nor was the trial judge here able to remember the argument with certainty. None of the cases called to our attention by the Attorney General involved alternatives in a situation where there was a loss of transcript of arguments and a claim of prejudicial misconduct in those arguments.
 

 The Attorney General contends that there was no prosecutorial misconduct here and asserts that this case is almost identical to
 
 People
 
 v.
 
 Stuller
 
 (1970) 10 Cal.App.3d 582 [89 Cal.Rptr. 158, 41 A.L.R.3d 712] and
 
 People
 
 v.
 
 Johnson
 
 (1950) 99 Cal.App.2d 717 [222 P.2d 335] and the statements are not expressions of the prosecutor’s personal belief in the defendant’s guilt. Standing alone and not within the context of the complete argument, if we accepted for the purposes of the appeal that the remarks set forth in the defendant’s proposed settled statement were in fact made, we might veiy well be compelled to reverse for prosecutorial misconduct. If we had the entire record before us we might be able to conclude that the Attorney General is correct and that there was no miscarriage of justice (Cal. Const., art. VI, § 13). However, under the particular circumstances of this case and the contentions on appeal, we cannot say that there is an adequate record before us from which the contention on the issue of prosecutorial misconduct may be resolved on its merits. On the present record we cannot give the full consideration to the appeal required by the Constitution (see
 
 People
 
 v.
 
 Barton
 
 (1978) 21 Cal.3d 513 [146 Cal.Rptr. 727, 579 P.2d 1043]; see also
 
 In re Andrew M.
 
 (1977) 74 Cal.App.3d 295 [141 Cal.Rptr. 350];
 
 In re David T.
 
 (1976) 55 Cal.App.3d 798 [127 Cal.Rptr. 729]). We believe that this is one of the situations which the Legislature had in mind in enacting Penal Code section 1181, subdivision 9.
 

 For the above reasons, pursuant to Penal Code section 1181, subdivision 9, we grant the motion to vacate the judgment and we order a new trial.
 

 Should the defendant be convicted again in this case, the trial court in sentencing should follow the mandatory provisions of Welfare and Institutions Code section 3051 (see
 
 People
 
 v.
 
 Lopez
 
 (1978) 81 Cal.App.3d 103 [146 Cal.Rptr. 165]).
 

 
 *975
 
 Since, as a result of the above ruling on the motion, the appeal is moot, we order the appeal dismissed.
 

 Franson, Acting P. J., and Andreen, J.,
 
 *
 
 concurred.
 

 *
 

 Assigned by the Chaiiperson of the Judicial Council.