[No. A072162. First Dist., Div. Two. Jan. 3, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
BRYAN P. MALABAG, Defendant and Appellant.

COUNSEL

Robert A. Roth, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Violet M. Lee and Christopher J. Wei, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LAMBDEN, J.—By this appeal defendant urges us to vacate an order revoking probation and executing a suspended sentence for a previous conviction. Defendant contends he was denied his rights to a formal probation revocation hearing and his right to arraignment upon sentencing. He relies upon an incomplete reporter's transcript to imply he did not waive these rights, in contradiction of a detailed clerk's transcript which recorded his waivers. We will find he has failed to carry the burden of providing a sufficient record to support his arguments on appeal and has waived his right to seek a settled statement in lieu of a complete transcript. Accordingly, we will affirm.

BACKGROUND

In April 1994, defendant entered a plea of nolo contendere to one count of first degree burglary and admitted two prior felony convictions. The court sentenced him to nine years in state prison, suspended execution of sentence and placed him on probation.

As a condition of his probation, defendant was ordered to enter and complete a live-in drug rehabilitation program. Subsequently, the court was notified by the program director that defendant had left the program without permission, and in June of 1994 the court summarily revoked probation and issued a warrant for defendant's arrest.

Defendant was apprehended a year later and appeared before the court in July of 1995. The court affirmed the revocation of probation and ordered execution of the previously suspended prison sentence.

The clerk's minutes of the proceeding on July 26, 1995, clearly indicate defendant waived his rights to a formal revocation hearing and to formal arraignment. The clerk's minutes also contain a detailed description of the proceedings, including an account of the prior conviction, the order striking the first prior conviction, and various sentencing orders.

However, the reporter's transcript is less than one page in length, appears to begin in the middle of the proceedings, and contains only the sentencing orders. The reporter's transcript does not reflect defendant's waiver of his rights to a formal arraignment and hearing.

Although defendant's appellate counsel requested augmented transcripts to the July 26 proceeding pursuant to rule 35(e) of the California Rules of Court (hereafter cited by rule), the record does not reflect any request for a settled statement pursuant to rule 36(b). In response, the reporter certified as "reported proceedings" only the truncated transcript of less than a single page.

## DISCUSSION

■ The minimum requirements of due process for a probation revocation hearing include: (1) written notice of claimed violations, (2) disclosure of adverse evidence, (3) an opportunity to be heard in person and to present witnesses and documentary evidence, (4) a neutral hearing body, and (5) a written statement by the fact finder as to the evidence relied on and the reasons for revocation. (*Black* v. *Romano* (1985) 471 U.S. 606, 612 [85 L.Ed.2d 636, 642-643, 105 S.Ct. 2254].)

■ Defendant contends the reporter's transcript of the proceedings contains no waivers of his right to formal arraignment and the particulars of formal hearings set forth above. Therefore, he contends the silence of the reporter's transcript "contradicts" the clerk's minutes and establishes no waivers occurred and due process was denied.

■ ■ However, the judgment of the trial court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent and error must be affirmatively shown. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) In this case the clerk's minutes clearly indicate defendant waived his rights to formal arraignment and to formal hearing. The reporter's transcript is contradictory only in the sense it is apparently incomplete. When a clerk's transcript conflicts with a reporter's transcript, the question of which of the two controls is determined by consideration of the circumstances of each

case. (*People* v. *Smith* (1983) 33 Cal.3d 596, 599 [189 Cal.Rptr. 862, 659 P.2d 1152].) Absent a conflict between the transcripts, the clerk's transcript can establish a valid waiver where the reporter's transcript is silent on the matter. (See *In re Ian J.* (1994) 22 Cal.App.4th 833, 839 [27 Cal.Rptr.2d 728] [clerk's minutes were an adequate substitute for verbatim record where proceeding was not recorded].) Accordingly, defendant has the burden of affirmatively showing he did not, in fact, waive his rights. He must do so other than by pointing to the gap in the reporter's transcript.

In a criminal case, the trial court or reviewing court is expressly authorized to grant a new trial when a substantial portion of the reporter's notes is lost or destroyed. (Pen. Code, § 1181, subd. 9; see also Code Civ. Proc., § 914.) Also, an appellant may move for permission to prepare a settled statement when a portion of the reporter's transcription cannot be obtained (rule 36(b)). In the case at hand, the record is silent insofar as loss or destruction of notes is concerned. No explanation is offered for the abbreviated reporter's transcript; it could be the reporter was simply absent during a portion of the proceedings. However, the clerk's detailed minutes support the presumed validity of the court's orders. In this situation, it was defendant's burden to seek a settled statement, which the record indicates he chose not to do.

In *People* v. *Chessman* (1950) 35 Cal.2d 455, 460 [218 P.2d 769, 19 A.L.R.2d 1084] (*Chessman*), the California Supreme Court held the appellant was not entitled to a new trial on the grounds a complete record was unavailable, and since he had the burden to produce the record on appeal, he had a duty to employ the settled statement method. The appellant argued the absence of a complete record prevented the reviewing court from determining the existence of reversible error and required a new trial. The majority of the court disagreed and held if a sufficient record can be made available, including the use of a settled statement, the appellant cannot complain: "If a record can be 'prepared in such a manner as to enable the court to pass upon the questions sought to be raised' [citation] then there is no rational likelihood or legally cognizable possibility of injustice to the appealing defendant even though a verbatim record certified by the official court reporter cannot be supplied." (*Id.* at p. 460.)

The incomplete transcript in *Chessman* occurred when the court reporter died in the midst of transcribing his trial notes. The balance of the notes, in an idiosyncratic shorthand, were transcribed only with great difficulty by a second reporter, who also referred to notes taken by the trial judge and the prosecutor. The draft was sent to the appellant, in prison, who requested many corrections, some of which were allowed. The final transcript was

certified by the second reporter as true and complete to the best of his ability and was approved by the trial judge. Accordingly, the Supreme Court held, the burden was placed on the appellant, "of showing either prejudicial error in the record or that the record is so inadequate that he is unable to show such error." Further, since inconsequential inaccuracies or omissions cannot be prejudicial: "if in truth there does exist some consequential inaccuracy or omission, the appellant must show what it is and why it is consequential." (35 Cal.2d at p. 462.)

*People* v. *Fuentes* (1955) 132 Cal.App.2d 484, 487 [282 P.2d 524], applied the same test where a settled statement was prepared. The reporter had lost one notebook covering part of the testimony and relied on the judge's longhand notes and the recollections of both counsel to produce a narrative statement which was settled as a partial statement on appeal to supplement the reporter's transcript. The judge's determination of the sufficiency of the record was held to be proper. (132 Cal.App.2d at p. 488.) In *People* v. *Scott* (1972) 23 Cal.App.3d 80, 84 [100 Cal.Rptr. 34] (where defendant contended that since appellate counsel and trial counsel were different, anything less than a complete transcript deprived him of due process on appeal), the court held a settled statement was a fair substitute for a complete transcript.

In *People* v. *Hulderman* (1976) 64 Cal.App.3d 375 [134 Cal.Rptr. 223], the defendant contended his conviction should be set aside because (when judgment was pronounced) the oral proceedings were not reported by an official reporter; and the judgment was affirmed. The court reasoned the failure to report the proceedings was not jurisdictional and therefore not prejudicial per se. Since the defendant could rely on a settled or agreed statement, the rationale of *Chessman* applied: "Defendant had a method of preparing a record of the proceedings in the pronouncement of judgment if he chose to do so, which would have enabled this court to review any claimed errors he wished to assert." The judgment entered in the clerk's minutes appeared to have correctly recorded the proceedings and no effort was made to correct the minutes. Under these circumstances, the court held the minutes must be assumed to be correct and the record was adequate to afford appellate review of any claimed errors. (64 Cal.App.3d at p. 382.)

In the case before us, there is at least an inference the waivers were taken in proceedings unattended by the reporter, as in *Hulderman*, and no effort has been made by defendant to obtain a settled or agreed statement. The response by this reporter to defendant's two requests for certification was to say the certified transcript contains "all of the reported proceedings regarding the case. . . ." This does not conclusively show no waivers were taken,

as contended by defendant, but rather only that no more proceedings were reported.

There is nothing in the record to show defendant made any effort to obtain an explanation for any missing portions of the reporter's record of the case. Nor has defendant identified any consequential omission or inaccuracy within the meaning of *Chessman*, other than to claim he did not receive due process. Even this contention is by inference since defendant never directly denies the waivers occurred but rather says his appeal was filed because "[a]t my hearing, I was not allowed to defend myself, or tell my side of the case." A settled statement might have illuminated the waivers and clarified the record. Possibly this is why defendant did not seek a settled statement, preferring to repeat his request to the reporter even after being told there was nothing further reported.

This case is distinguishable from *People* v. *Serrato* (1965) 238 Cal.App.2d 112 [47 Cal.Rptr. 543], where a new trial was ordered because neither transcript nor substitute for a transcript was available, through no fault of the appellant. Due to mistakes by court officials, no transcript was ever filed. The reporter's notes had been destroyed and the reporter was unavailable: the prosecuting attorney had left office and the trial judge was dead. The court reversed on the basis of the court officials' failures to carry out their duties and emphasized there was no fault on the part of the appellant. This case contrasts with *People* v. *Scott*, *supra*, 23 Cal.App.3d 80, 85, where the attorneys, judge and reporter were all available to assist in the preparation of a settled statement.

By failing to move under rule 36(b), defendant has waived his right to a statement settling the questions raised by those missing portions of the reporter's transcript upon which he attempts to base his appeal. (*Redsted* v. *Weiss* (1945) 71 Cal.App.2d 660, 666 [163 P.2d 105] [failure to request correction of the record within 10 days after notification of completion of the clerk's and reporter's transcripts constituted a waiver of all objections to the transcript].)

Having failed to obtain a more complete record or to explain any inability to do so, defendant must rely on the record at hand which is, in fact, sufficient to support the order from which the appeal is taken. To hold otherwise would be to allow an appellant to rely upon gaps in a record of his own devising.

Although it contains no mention of waiver of arraignment or formal hearing, this reporter's transcript is incomplete rather than conflicting with

the clerk's minutes. The reporter's transcript is less than one page long and appears to begin in the middle of the proceedings, with the court simply announcing the name of the defendant. There are no appearances by counsel other than two 2-word statements by defendant's attorney. The clerk's transcript, on the other hand, contains a precise account of the proceedings, including appearances by defendant, both counsel and the probation officer, waivers of a formal probation revocation hearing, a summary of the prior conviction, waiver of formal arraignment for sentencing and detailed sentencing orders.

The absence of such particularity in the reporter's transcript does not create a conflict, as contended by defendant, and the clerk's transcript is adequate to establish all matters necessary to the judgment, including the waivers of arraignment and formal hearing. The same conclusion would prevail even if it were clear the proceedings were simply not attended by an official reporter. ■ Although recordation by a certified shorthand reporter is always to be preferred, it is not strictly required where a sufficient record is otherwise available. (*People* v. *Hulderman, supra,* 64 Cal.App.3d 375, 381-382.)

■ However, even if a conflict were shown between the reporter's transcript and the clerk's transcript, the detailed clerk's transcript is, on its face, more reliable and thus controlling. Defendant cites *In re Moss* (1985) 175 Cal.App.3d 913, 928 [221 Cal.Rptr. 645], to suggest notations of constitutional waivers found in the clerk's transcript are "meaningless" when the reporter's transcript shows no waivers were taken. However, in that case the court was able to find from tape recordings of the proceedings, and the findings of a referee, that no waivers actually occurred thus disclosing a genuine conflict between the clerk's and reporter's transcripts.

In fact, the *Moss* court cited *People* v. *Smith* for the proposition a reporter's transcript generally will prevail over a clerk's transcript when the two are in conflict. *Smith* actually rejected "such a mechanical rule," and held instead when the record is in conflict and cannot be harmonized, " '. . . that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence [citation]. . . .' [Citations.]" (*People* v. *Smith, supra,* 33 Cal.3d 596, 599.)

In addition to the clerk's minutes and the partial reporter's transcript, this defendant attempts to rely on a letter from the court reporter and his own ambiguous statement in his notice of appeal as evidence the waivers did not take place. This will not substitute for a settled statement or other evidence of consequential inaccuracy or omission. Even if accepted as evidence, the

letter provides only the obvious: that no waivers are reflected in the "recorded proceedings," which at best would infer unreported proceedings and which does not even suggest lost notes. The notice of appeal, even allowing for its self-serving nature, states only "[a]t my hearing, I was not allowed to defend myself, or tell my side of the case," which fails even to deny directly the waivers and which does not overcome the evidence of waivers contained in the clerk's minutes. This case may be distinguished from those cases in which a genuine conflict of evidence appears on the face of the record. Defendant has failed to affirmatively demonstrate a violation of his due process rights.

## CONCLUSION

The orders of the trial court are presumed to be valid and defendant has the burden of providing a record adequate to support his arguments on appeal. Where the record appears incomplete, a defendant must affirmatively show there is some consequential inaccuracy or omission to establish prejudice. Where a defendant fails to timely seek a settled statement of an arguably incomplete record, the right to seek such a statement under rule 36(b) is waived. No conflict appears on the face of this record which would undermine the reliability of the portion of the record which clearly establishes waiver of the constitutional rights defendant claims he was denied. The judgment is affirmed.

Kline, P. J., and Haerle, J., concurred.

A petition for a rehearing was denied January 28, 1997.