Filed 9/5/14  P. v. Langan CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JOEL MARTIN LANGAN,<br><br>　　　Defendant and Appellant. | A140949<br><br>(Lake County<br>Super. Ct. Nos. CR930933 &<br>CR 930934-A)<br><br>(Mendicino County<br>　Super. Ct. No. SC073949A) |

　　　Appellant Joel Martin Langan appeals from a judgment following (1) his plea of no contest to two counts of possession of a controlled substance (Health & Saf. Code, § 11377, subd (a)) and (2) in a separate case, execution of a sentence previously imposed but stayed, after a finding appellant violated the terms of his probation in that case. Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.) Appellant has not filed such a brief.  We have independently reviewed the entire record. We find no arguable appellate issues.  We modify the judgment to correct an error in the amount of a fee and, as modified, affirm.

1

BACKGROUND

In March 2010, appellant pled guilty in Mendocino County Superior Court to one count of robbery (Pen. Code, § 211) and admitted four separate prior prison terms (Pen. Code, § 667.5, subd. (b)). The court imposed a state prison term of nine years but suspended execution and placed appellant on three years' probation. His probation conditions included a requirement that he obey all laws. Appellant waived all accrued custody credits. (*People v. Johnson* (2002) 28 Cal.4th 1050.) He was released into a residential drug treatment program for which he was to receive day for day custody credits upon successful completion of the program. Appellant did not appeal. Subsequently, appellant's case was transferred to San Mateo County and then Lake County.

In October 2012, a complaint was filed against appellant in Lake County Superior Court alleging multiple counts of possession of controlled substances. Appellant subsequently pled no contest to two counts of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and the remaining counts were dismissed pursuant to the plea agreement. The plea agreement provided the sentences on the two counts were to run concurrently if probation was denied. Appellant was advised, prior to pleading no contest, that his plea could result in a finding that he violated his probation.

Appellant admitted the factual basis for his possession of controlled substances plea. Accordingly, the court found appellant violated, in the robbery case, his probation term to obey all laws.

At the sentencing hearing, appellant requested probation. He testified that, shortly after his arrest for possession of controlled substances, he returned to a residential drug treatment program and wanted to continue in that program. The court noted appellant had a criminal record dating from 1987 with a fairly consistent pattern of criminal activity, including nine prior felony convictions. This record required the court to deny probation unless it found it to be an unusual case where the interests of justice would be best served by granting probation. (Pen. Code, § 1203, subd. (e)(4).) The court found this case was not such an unusual case.

For the violation of probation, the court ordered the previously-imposed sentence executed. It awarded 611 days of custody credit toward this sentence. With respect to the new counts for possession of controlled substances, the court imposed the upper term of three years on both counts, finding circumstances in aggravation including appellant's numerous prior convictions, status on probation when the crime was committed, and unsatisfactory prior performance on probation and parole. The court ordered these counts run concurrent to each other and to the nine-year term in the robbery case. Registration as a drug offender was ordered. (Health & Saf. Code, § 11590.) The court awarded 428 days of custody credit toward this sentence. Fines and fees were imposed in both cases.

DISCUSSION

I. *Robbery Case*

As appellant did not appeal from the judgment imposing sentence but suspending execution, our review is limited to matters arising after this judgment. (*People v. Harty* (1985) 173 Cal.App.3d 493, 500-501.)

Appellant was adequately represented by legal counsel throughout the probation revocation proceedings and was afforded due process. (*People v. Malabag* (1997) 51 Cal.App.4th 1419, 1422 [setting forth minimum due process requirements for probation revocation hearing].) Appellant's admission of a factual basis to his no contest plea— that he possessed controlled substances during his probation period—provided ample evidence of the violation of his probation term to obey all laws.

The court's decision to execute the previously-imposed sentence instead of granting probation was not an abuse of discretion. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178–179 [order refusing probation because case is not "unusual" reviewed for abuse of discretion and will not be reversed unless the decision " 'is so irrational or arbitrary that no reasonable person could agree with it' "].) As the nine-year prison term had been previously imposed, the trial court had no power to reduce it once probation was revoked. (*People v. Howard* (1997) 16 Cal.4th 1081, 1084.) The sentencing credits were properly calculated: Appellant was not entitled to good conduct credits for days spent in the residential drug program as part of his probation (*People v.*

3

*Moore* (1991) 226 Cal.App.3d 783, 785) and he properly received 15 percent conduct credits for time spent in county jail (Pen. Code, §§ 2933.1, subd. (a); 667.5, subd. (c)(9)). The restitution fines imposed by the court were proper.

II. *Possession of Controlled Substances Case*

Appellant was adequately represented by legal counsel throughout the proceedings. Appellant freely and voluntarily entered a no contest plea. As noted above, the trial court's refusal to award probation was not an abuse of discretion. The trial court's sentence did not exceed the maximum sentence provided for in the plea agreement. The trial court considered the factors in aggravation and mitigation and stated its reasons for the sentence imposed. The sentence was not an abuse of discretion. The order to register as a narcotics offender, the custody credits, and the restitution fines were proper.

The trial court imposed a fee of $155 per count pursuant to Health and Safety Code section 11372.7, in addition to penalty assessments. However, this statute provides, "each person who is convicted of a violation of this chapter shall pay a drug program fee in an amount not to exceed one hundred fifty dollars ($150) for each separate offense." (Health & Saf. Code, § 11372.7, subd. (a).) We will modify the judgment accordingly. The remaining fines and fees were proper and/or any challenge has been forfeited.

DISPOSITION

The judgment is modified to provide the fee imposed pursuant to Health and Safety Code section 11372.7 is $150 per count. The trial court is ordered to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment that has been modified accordingly. As so modified, the judgment is affirmed.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.