Filed 11/21/25  In re M.C. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>M.C.,<br><br>Defendant and Appellant. | F089154<br><br>(Super. Ct. Nos. 23JL-00105B; 23-JL00105C)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Merced County.  Stephanie L. Jamieson, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Peña, Acting P. J., Meehan, J. and De Santos, J.

Minor, M.C., appeals from the dispositional order of the juvenile court adjudging her a ward of the court, ordering placement in a suitable "out of home placement," and detailing conditions of probation. The disposition is the culmination of juvenile wardship proceedings brought under Welfare and Institutions Code section 602[1], involving two petitions.

This appeal is authorized by section 800.

Appointed counsel for minor asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Minor was advised of her right to file a letter stating any grounds on appeal within 30 days of the date of filing of the opening brief. Minor did not file a letter. She has identified no basis for relief, nor have we. We affirm.

## BACKGROUND

On August 30, 2024, the prosecution filed a juvenile wardship petition under section 602, subdivision (a) (Petition B) alleging four counts of felony resisting custody staff (Pen. Code, § 69); four counts of battery on custody staff with injury (Pen. Code, § 243, subd. (c)(2); and one count of misdemeanor resisting custody staff (Pen. Code, § subd. (a)(1)). The allegations were filed after minor refused to comply with a juvenile institution officer's request to empty a bag filled with dirty clothing. Instead, minor grabbed the bag and hit the officer in the chest several times. When backup arrived, officers attempted to handcuff minor and place her in a holding cell. While doing so, minor kicked the other three officers.

On September 25, 2024, the prosecution filed a juvenile wardship petition under section 602, subdivision (a) (Petition C) alleging one count of assault with a deadly weapon, to wit, a metal chair (Pen. Code, § 245, subd. (a)(1)), one count of assault by

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

2.

means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)), and seven counts of resisting custody staff (Pen. Code, § 69), all felonies. The allegations were filed after minor became involved in an altercation in the "rec yard" in which she attempted to hit another youth, T.B. When a juvenile institutions officer responded to the incident, minor hit the officer a number of times and repeatedly tried to "donkey kick" the officer. Several days later, minor repeatedly hit T.B. with a metal chair and swung and punched an officer in the face when the officer attempted to intervene. Minor also threw an item at another officer and bit and kicked other responding officers.

On November 20, 2024, following a contested jurisdictional hearing on Petition B, the juvenile court granted the prosecution's motion to dismiss three counts of battery on custody staff, found true the four counts of felony resisting arrest, the one count of misdemeanor resisting custody staff, and one count of battery on custody staff, reduced to a misdemeanor (Pen. Code, § 243, subd. (b)). Following a contested jurisdictional hearing on Petition C, the juvenile court reduced the allegations of assault with a deadly weapon and assault by means of force likely to produce great bodily injury to lesser included offenses of misdemeanor assault (Pen. Code, § 240, subd. (a)). The court found true six counts of resisting custody staff (one of those counts reduced to a misdemeanor) and dismissed one count of resisting custody staff for insufficient evidence.

On December 17, 2024, following an uncontested dispositional hearing, the juvenile court issued an order of wardship adjudging minor a ward of the court, ordering placement in a suitable "out of home placement" and detailing conditions of probation.

## DISCUSSION

The notice of appeal for minor indicates that minor was appealing from the disposition hearing because no court reporter was provided in the delinquency matter, pursuant to standing order No. 2024-03, which meant all proceedings were electronically recorded.

3.

Pursuant to section 677, juveniles have a statutory right to a live court reporter during delinquency proceedings. It provides, in pertinent part, "[a]t any juvenile court hearing conducted by a juvenile court judge, an official court reporter shall … take down in shorthand all the testimony and all the statements and remarks of the judge and all persons appearing at the hearing .…" (§ 677.) Further, "[o]n an appeal from an order of the juvenile court the record of the oral proceedings before that court is a transcript thereof prepared and certified by the official reporter." (*In re David T.* (1976) 55 Cal.App.3d 798, 800 [finding the Legislature did not intend to permit the court to order a settled statement in lieu of a transcript].)

Accordingly, based on the entire record, the juvenile court erred by applying standing order No. 2024−03 in violation of minor's statutory right under section 677 to a court reporter during her juvenile proceedings. However, the error is harmless because a complete verbatim transcript of the electronically recorded proceedings has been included in minor's record on appeal, protecting her right to appeal despite the statutory violation.

We have examined the record and are satisfied no arguable issues exist and minor's attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *People v. Wende, supra,* 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The juvenile court's dispositional order is affirmed.