[Crim. No. 20537. First Dist., Div. One. Nov. 5, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD WILLIE JONES, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Peter R. Silten, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Paul D. Gifford, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

RACANELLI, P. J.—In this appeal we confront the question whether the voluntary destruction of the court reporter's notes of defendant's 1973 trial requires vacation of the judgment. We conclude that under the circumstances shown here that result is compelled; accordingly, we reverse the judgment.

Following a jury verdict of guilt on two counts of sale of heroin, defendant was committed on August 30, 1973, to the California Rehabilitation Center (CRC) for seven years as a narcotics addict. (Welf. & Inst. Code, § 3051.) One week later defendant, in propria persona, submitted a notice of appeal[1] which the county clerk rejected and re-

---

[1] A commitment of a defendant for narcotics addiction is not considered a "final judgment" until 90 days after the commitment. (Pen. Code, § 1237, subd. 1.) Thus, defendant's notice of appeal, submitted eight days after the commitment, was technically premature. However, under rule 2(c) of the California Rules of Court, a premature notice of appeal is nonetheless valid.

turned to the defendant with a confusing letter of explanation.[2] After discussing the letter with his counselor at CRC, defendant concluded the proper time for filing his notice of appeal was after his release from CRC.[3]

On November 26, 1979, defendant with the assistance of counsel sought relief from his default in failing to file a timely notice of appeal.[4] We granted the motion and ordered appeal proceedings instituted.

It was soon discovered that the court reporter at defendant's 1973 trial had destroyed her notes in the interim. Defendant now urges us to set aside the judgment contending that appellate review is effectively precluded.[5] We agree for the reasons hereafter discussed.

I

Existing case law holds that the unavailability of a full reporter's transcript does not automatically entitle a defendant to a new trial; where other methods of reconstructing the trial record are available, the defendant must proceed with those alternatives in order to obtain review. (See, e.g., *People* v. *Chessman* (1950) 35 Cal.2d 455 [218 P.2d 769, 19 A.L.R.2d 1084] [notes of deceased reporter transcribed by another reporter using notes of trial judge and prosecutor with corrections

---

[2]The letter from the county clerk read: "Our records indicate that you were sent to the California Rehabilitation Center on August 30, 1973. We are returning your document in re: Notice of Appeal for the reason that you are premature in this motion, Pursuant Section 1237 Penal Code, subsection 4, Judgment is not final in this type of sentence for 90 days, after which time the Judgment is final after the Judgment is final, then the normal time for Appeal goes into effect after Judgment becomes final, please submit your Notice of Appeal and we will be glad to file and process the Appeal for you."

[3]The CRC counselor apparently informed defendant that he could perfect his notice of appeal following release from CRC. We note that prior to the 1968 amendment to Penal Code section 1237, subdivision 1 a commitment to CRC could not be appealed until the defendant was returned to court and sentenced. (See *People* v. *Murphy* (1969) 70 Cal.2d 109, 114-115 [74 Cal.Rptr. 65, 448 P.2d 945].)

[4]At oral argument we were informed by counsel that defendant was released on parole from CRC in November 1979. We have ordered production of the superior court file (Cal. Rules of Court, rule 12(a)) and take judicial notice that 1) in September 1974 defendant was first released from CRC on out-patient status, and 2) on November 14, 1980, defendant was returned to the superior court for sentencing, given a one-year suspended sentence and placed on probation for one year.

[5]In his brief defendant recites several issues on appeal (ineffective trial counsel, prosecutorial misconduct, entrapment, insufficient evidence and erroneous evidentiary rulings) which he contends he is unable to effectively argue due to the lack of an adequate record.

by defendant]; *People* v. *Scott* (1972) 23 Cal.App.3d 80 [100 Cal.Rptr. 34] [preliminary hearing transcript available together with recollection of trial judge and trial counsel]; *People* v. *Fuentes* (1955) 132 Cal. App.2d 484 [282 P.2d 524] [reporter's lost notebook replaced by notes of judge, recollection of reporter and suggestions of counsel].) However, in the case at bar, no alternative avenues are apparently available. The reporter's notes have been destroyed and defendant's trial counsel has disclaimed any recollection of the trial to facilitate a settled statement.

Unquestionably, a reviewing court has the statutory authority to set aside the judgment and order a new trial when the transcript notes have been lost or destroyed. (Pen. Code, § 1181, subd. 9; *In re Steven B.* (1979) 25 Cal.3d 1 [157 Cal.Rptr. 510, 598 P.2d 480]; *People* v. *Apalatequi* (1978) 82 Cal.App.3d 970 [147 Cal.Rptr. 473].)

The Attorney General advances two arguments why we should not exercise our statutory power. First, it is argued, the power to set aside a judgment should not be invoked where the defendant has not been diligent in pursuing his appellate rights. Assuming, arguendo, that the argument is valid, we believe defendant was diligent in his efforts to pursue his appeal. His prompt though premature attempt to file a notice of appeal was frustrated by the confusing and misleading instructions and advice given by the county clerk and his CRC counselor. As his release date drew near, defendant sought counsel to pursue his appeal. Surely, such facts and circumstances provide no basis justifying a finding and conclusion that defendant somehow "slept" on his rights.

The second argument advanced is that section 1181, subdivision 9 should not apply where the reason for the destruction of the reporter's notes was, as here, the statutorily authorized lapse of five years (Gov. Code, § 69955, subd. (d)). We disagree. Under subdivision (d), destruction of a court reporter's notes is permitted in the following language: "No official or pro tempore court reporter may destroy the reporting notes taken by him, and no clerk of the court may destroy the reporting notes delivered to him until after five years from the taking of the notes *and upon the order of the court.*" (Italics added.) The record fails to disclose the required order.[6] Neither the language of the statute nor reason warrants such novel exception.

---

[6]In San Francisco County Superior Court the presiding judge apparently had a policy of permitting destruction of reporting notes in criminal proceedings only after *10 years* had elapsed. Thus, in an order dated January 5, 1979, the presiding judge authorized destruction of notes dating to December 31, 1968. Despite the lack of a specific

Nor are we persuaded by the companion argument that a reversal at this late date may effectively preclude retrial. The closely analogous case of *People* v. *Serrato* (1965) 238 Cal.App.2d 112 [47 Cal.Rptr. 543] is instructive. There, although the defendant timely filed a notice of appeal, no transcript was ever prepared due entirely to the mistake of court officials. In the meantime, the reporter's notes had been destroyed pursuant to Government Code section 69955, the trial judge had died and the prosecutor and the court reporter were no longer available. Since there was no possibility of reconstructing the record, the court reversed the conviction, reasoning as follows: "Here, we have a case in which the defendant without any fault of his own was deprived of the right to an effective presentation of his appeal due entirely to a failure on the part of an official of the trial court to comply with the law. It would be a violation of the fundamental rights of the defendant to hold that an effective possibility of appealing the convictions was properly taken away by the omission of a court official to perform the duties prescribed by our system of justice. [¶] To forget that this defendant was in prison for all these years, without permitting him to urge his legitimate appeal, is insufferable. The day of the *oubliette* is gone forever. People are only convicted and punished according to general laws and the appellate rights of a condemned man must be carefully preserved. California owes a duty to redress the wrong done to Serrato insofar as it is now possible. Therefore, the judgment should be reversed. We are cognizant of the fact that the lapse of time since the commission of the alleged crimes may make it difficult, or even impossible, to retry the defendant; of course, a retrial should take place if it is presently possible to produce the necessary evidence. But even if he cannot be retried because of external factors, his right to a reversal of the present judgment is nevertheless paramount." (*Id.*, at p. 119.) We find such reasoning equally applicable herein.

The judgment is reversed.

Newsom, J., and Martin, J.,* concurred.

---

court order, the reporter in the case at bar destroyed her 1973 notes, presumably in the belief that statutory justification existed.

*Assigned by the Chairperson of the Judicial Council.