[Crim. No. 41264. Second Dist., Div. Three. Oct. 27, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE ESCADERO VALDEZ, Defendant and Appellant.

**COUNSEL**

Corinne S. Shulman, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and William R. Pounders, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**POTTER, J.**—This is a consolidated appeal from the judgment of conviction of second degree burglary and motion for new trial pursuant to Penal Code

section 1181, subdivision 9. At issue is whether a defendant who flees the jurisdiction following a guilty verdict and is not apprehended and sentenced until after the destruction of the court reporter's notes must be granted a new trial. We conclude that where, as here, the defendant absconds and the notes have been lawfully destroyed in accordance with Government Code section 69955,[1] no new trial will be ordered.

Following the October 8, 1970, jury guilty verdict, defendant Jose Valdez, who had been released on his own recognizance, failed to appear for sentencing. A bench warrant was issued. Almost 11 years later, in August 1981, defendant was apprehended on the warrant and returned to court. In September 1981, defendant was sentenced to state prison and filed a notice of appeal.

Meanwhile, on February 11, 1981, the county clerk had destroyed the court reporter's notes of defendant's trial upon an order signed by the Presiding Judge of the Los Angeles Superior Court. The order, expressly relying on section 69955, authorized destruction of the reporter's notes in the clerk's possession since 10 years had elapsed from the time they were taken.[2]

■ Defendant contends that he should be granted a new trial because the lack of a reporter's transcript, or any adequate substitute, precludes an effective appeal.[3]

We recognize that, as a reviewing court, we have the power to order a new trial in a criminal case when the reporter's notes have been lost or destroyed. (Pen. Code, § 1181, subd. 9;[4] *In re Steven B.* (1979) 25 Cal.3d 1, 6 [157 Cal.Rptr. 510, 598 P.2d 480]; see also *People* v. *Chessman* (1959) 52 Cal.2d 467, 486 [341 P.2d 679] ["[T]his court has inherent power to order a new trial in appropriate circumstances where, without fault of appellant, no adequate record can be produced."]) But defendant is not automatically entitled to a new trial under all circumstances.

---

[1]Unless otherwise noted, all statutory references will be to the Government Code.

[2]Pursuant to California Rules of Court, rule 12(a), we have augmented the record to include the superior court's "Order Authorizing Destruction of Court Reporter's Notes," signed January 9, 1981.

[3]No settled statment is possible herein because of the passage of time and unavailability of defendant's trial counsel who is no longer a member of the State Bar of California. Moreover, the need for a transcript for an effective appeal is undisputed since defendant seeks to challenge the denial of his motion at trial to suppress evidence of the arresting officer as well as the denial of several motions for a mistrial.

[4]Penal Code section 1181, subdivision 9, provides in pertinent part: "When the right to a phonographic report has not been waived, and when it is not possible to have a phonographic report of the trial transcribed by a stenographic reporter as provided by law or by rule . . . because of the loss or destruction, in whole or in substantial part, of the notes of such reporter, the trial court or a judge, thereof, or the reviewing court shall have power to set aside and vacate the judgment, order or decree from which an appeal has been taken or is to be taken and to order a new trial of the action or proceeding."

A review of existing case law reveals that courts have only vacated or reversed the judgment where the fault, if any, for defendant's predicament could be ascribed to governmental authorities or employees, not to defendant. (See, e.g., *In re Steven B., supra,* 25 Cal.3d at p. 7, and cases cited therein [fault solely of court employee who breached duty under Welf. & Inst. Code, § 677, by inadvertent unauthorized destruction of notes of juvenile jurisdictional hearing]; *People* v. *Jones* (1981) 125 Cal.App.3d 298, 301-302 [178 Cal.Rptr. 44] [defendant blameless and court reporter's destruction of notes without a court order improper under § 69955]; *People* v. *Apalatequi* (1978) 82 Cal.App.3d 970, 971 [147 Cal.Rptr. 473] [court reporter lost her notes]; *People* v. *Serrato* (1965) 238 Cal.App.2d 112, 114-119 [47 Cal.Rptr. 543] [despite defendant's proper timely appeal, clerk failed to file and prepare transcript as required by law, resulting in notes' eventual destruction under § 69955]). Thus, as defendant acknowledges, the question of relative fault is pertinent to the exercise of our discretion in determining whether to grant relief.

■ The notes herein were destroyed in strict compliance with, and under the statutory authority of, section 69955. Subdivision (d) of that section permits destruction of such notes "after five years . . . and upon the order of the court." (*People* v. *Jones, supra,* 125 Cal.App.3d at p. 301.)

Defendant, however, claims that the notes were destroyed "contrary to law" because they were not first microfilmed. Defendant argues that the authority to destroy reporters' notes under section 69955 is restricted by the first sentence of section 69503 to require prior preservation of a copy. At the time of the destruction of the notes, section 69503, which deals generally with destruction of court records, provided in pertinent part: "(a) *Notwithstanding any other provision of law relating to the destruction of court records,* after complying with the requirements of subdivision[] (c) . . . the county clerk *may cause to be destroyed* any . . . records . . . or other papers filed in any action or proceeding . . . if the action or proceeding in which the papers were filed is not pending or on appeal in any court and . . .

". . . . . . . . . . . . . . . . . . . . . . .

"(4) A period of eight years has elapsed since the papers . . . were filed.

". . . . . . . . . . . . . . . . . . .

"(c) The county clerk shall maintain . . . a microphotographic film print or copy of each . . . record . . . so destroyed . . . . [and] shall promptly seal and store at least one original negative of each microphotographic film print or copy in a manner and place that reasonably assures its preservation indefinitely against . . . destruction." (Italics added.)

■ "In construing a statute to determine the intent of the Legislature the court 'turns first to the words themselves for the answer.'" (*Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 764 [150 Cal.Rptr. 785, 587 P.2d 227].) ■ "'[C]ourts are bound to give effect to statutes according to the usual, ordinary import of the language employed in framing them.'" (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) "'If the words of a statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.'" (*Ibid.*)

■ The first sentence of section 69503 does not restrict or conflict with the right to destroy records under section 69955. The words used are words of authorization, not limitation. Their plain meaning is clear. The language merely authorizes destruction of records, even if there are more restrictive provisions elsewhere in the code, so long as the time interval and conditions for copying and storage (§ 69503, subd. (c)) are met. It does not preclude a more liberal rule allowing destruction of records without such copying.

"In the absence of compelling countervailing considerations, we must assume that the Legislature 'knew what it was saying and meant what it said.'" (*Tracy* v. *Municipal Court, supra,* 22 Cal.3d at p. 764.) We find no such considerations here. Indeed, the plain meaning of the language in the first sentence of section 69503 is supported by the legislative history of both sections and other aids to construction.

In 1953, both sections 69503 and 69955 were added to the Government Code, originally in the same bill (Assem. Bill No. 1908), as part of title 8, the organization and government of courts. (Stats. 1953, ch. 206, § 1, p. 1238, eff. Sept. 9, 1953; see also ch. 794, § 1, p. 2097.) Both sections were contained in chapter 5 on the superior courts. Yet both set different time periods before permitting destruction of records. Section 69503 provided that "[n]otwithstanding any other law . . . the county clerk may cause to be destroyed all . . . records" if 10 years had elapsed and a microfilmed copy was retained. Section 69955, however, permitted the destruction of court reporters' notes as soon as "five years after the taking of them" without any further conditions. Subsequently, both sections independently have been amended at different dates. Yet the designated time periods generally have differed. Moreover, there has not even been a consistent time relationship because during one six-year interval section 69955 required a longer period than did section 69503. (See § 69503 as amended by Stats. 1965, ch. 960, § 1, p. 2580; § 69955, as amended by Stats. 1963, ch. 677, § 1, p. 1682, and Stats. 1971, ch. 302, § 1, p. 614.) It is therefore obvious that the Legislature never intended that either section restrict the other.

■ Furthermore, it is a general principle of statutory construction that a specific statute relating to a particular subject will govern and take priority over a general statute in matters concerning that subject, even though the general provision standing alone would be broad enough to include the subject to which the specific provision relates. (*People* v. *Tanner* (1979) 24 Cal.3d 514, 521 [156 Cal.Rptr. 450, 596 P.2d 328]; *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977, fn. 8 [140 Cal.Rptr. 669, 568 P.2d 394].) "The fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply." (*People* v. *Jenkins* (1980) 28 Cal.3d 494, 505 [170 Cal.Rptr. 1, 620 P.2d 587].) ■ Section 69955 is a specific statute covering destruction of court reporters' notes which are a particular type of "official records of the court." (§ 69955, subd. (a).) In contrast, section 69503 is a general statute encompassing the retention and destruction of all court records filed with the court. Thus, insofar as the provisions of these two sections might appear to be inconsistent, section 69955 would be considered an exception to section 69503, not controlled by it. (See *People* v. *Gilbert* (1969) 1 Cal.3d 475, 479 [82 Cal.Rptr. 724, 462 P.2d 580].)

Accordingly, we are satisfied that destruction of the notes was statutorily authorized and wholly without fault of the state or any government employee.

■ Defendant is solely responsible for the predicament with which he is faced. But for his culpable misconduct in fleeing the jurisdiction, his appeal would have been processed and a transcript prepared long before the authorized destruction of the notes.

We are not persuaded by defendant's claim that he should be granted a new trial because that destruction precludes the possibility of his effectively appealing his conviction. The trial court could have sentenced defendant in his absence, pursuant to Penal Code section 1193. Even at common law, "a defendant waived his right to be personally present when he absconded or ran away from the court after learning of the verdict of the jury." (*People* v. *Brown* (1951) 102 Cal.App.2d 60, 62 [226 P.2d 609].) Had the court chosen to enter judgment in his absence, defendant's time for appeal would have expired. Moreover, even if an appeal had been filed, it could have been dismissed since defendant was a fugitive at large. (*Molinaro* v. *New Jersey* (1970) 396 U.S. 365, 366 [24 L.Ed.2d 586, 587, 90 S.Ct. 498]; *People* v. *Fuhr* (1926) 198 Cal. 593, 594 [246 P. 1116]; *People* v. *Buffalo* (1975) 49 Cal.App.3d 838, 839 [123 Cal.Rptr. 308].)

Defendant has not been deprived of any fundamental right. The destruction of the records did not leave him in any worse position than a fugitive who was sentenced in his absence or fled after his sentence. We are not inclined to treat

defendant differently from other fugitives merely because of the fortuitous circumstance that the judge did not sentence him. Consequently, we decline to exercise our discretion to vacate the judgment and order a new trial court.

On appeal, defendant claims the trial court erroneously denied his motion to suppress certain testimony of the arresting officer. Because of the destruction of the court reporter's notes, defendant cannot sustain his burden to provide a record of the hearing on the suppression motion and show there was prejudicial error. (See *People* v. *Fahy* (1970) 13 Cal.App.3d 808, 815 [92 Cal.Rptr. 451]; (*Thompson* v. *Superior Court* (1968) 262 Cal.App.2d 98, 106 [68 Cal.Rptr. 530].) Under such circumstances in support of the judgment we must presume that the denial was proper. (Cf. *People* v. *Holt* (1949) 93 Cal.App.2d 473, 477 [209 P.2d 94].)

The record of the sentencing hearing, however, does show error in the computation of defendant's good time/work time credit for presentence custody. The court found that defendant had spent 47 days in actual custody and awarded him 16 days conduct credit. In the absence of a showing of loss of such credits, defendant should have been granted 24 days conduct credit. (*In re Allen* (1980) 105 Cal.App.3d 310, 315 [164 Cal.Rptr. 319].) Accordingly, we will modify the judgment to show total presentence credit of 71 days (47 days actual and 24 days conduct); and, as modified, we will affirm the judgment.

## Disposition

The motion to vacate the judgment and order a new trial is denied. The judgment is modified to reflect total presentence credit of 71 days consisting of 47 days actual custody and 24 days conduct credit. As modified, the judgment is affirmed.

Klein, P. J., and Lui, J., concurred.