[No. G008279. Fourth Dist., Div. Three. Sept. 25, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
BRUCE MAYNARD EVERETT, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

* Parts I and II are ordered published in the Official Reports. Parts III, IV, and V are not published, as they do not meet the standards for publication.

**COUNSEL**

Stuart L. Stein, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Robert M. Foster and Carl H. Horst, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SONENSHINE, Acting P. J.**—Bruce Maynard Everett appeals from the denial of his motion for a new trial (Pen. Code, § 1181, subd. 9) and a sentence to the upper term of eight years for forcible rape (Pen. Code, § 261, subd. (2)), plus a consecutive three-year enhancement for use of a weapon (Pen. Code, § 12022.3, subd. (a)).

I

Everett and his wife separated in September of 1981. On the afternoon of September 13, he called Anita D., whom he had met at church in 1977, with the news of his separation. He had not had any contact with Anita for approximately a year. At the end of the conversation, he told her he would get in touch with her again the following week.

At 2 a.m. the next morning, Anita was awakened by her doorbell. She opened the door to find Everett, who complained he was ill and his truck had broken down. Anita agreed to drive him home and make sure he was safely in bed.

After arriving home, Everett walked into his bedroom, continuing to complain he was ill. Anita followed. Everett closed the bedroom door behind her, reached under a pile of clothing on the floor, and pulled out a handgun. He pointed it at her, ordering her to remove her clothing. When she refused, he pushed her onto the bed and removed her blouse. He then forced her to stand up and remove the rest of her clothes. Everett removed his own clothing, and raped her.

Anita managed to escape after approximately 20 minutes. Upon returning home, she reported the incident to the police.

On February 22, 1982, following a jury trial, Everett was found guilty of forcible rape and assault with a deadly weapon (Pen. Code, § 245, subd. (a)); the jury also found Everett had personally used a deadly weapon, a handgun, within the meaning of Penal Code section 12022.3, subdivision (a), and had used a firearm in violation of Penal Code section 12022.5. Everett failed to appear for sentencing on March 19, and a bench warrant was issued for his arrest.

Pursuant to Government Code section 69955[1] and an administrative order,[2] most of the stenographic notes of the trial were destroyed in 1987. The opening statements, the full direct examination of the victim, and a part of the victim's cross-examination were saved.

In September 1988, Everett was arrested in Florida. He waived extradition, and was returned to California in November. Everett filed a motion for a new trial, asserting lack of an adequate record denied him a chance for an effective appeal. (Pen. Code, § 1181, subd. 9.) The motion was denied on April 7, 1989, and judgment was entered.

## II

■ Government Code section 69955 permits the court reporter to destroy notes five years after the date they were taken, upon an order of the court. Everett contends the destruction of stenographic records of criminal trials under the statute violates an absent defendant's due process rights. He maintains an effective appeal is impossible due to the lack of a full and accurate trial record.[3] He suggests we adopt a requirement that reporters' notes may be destroyed only in cases in which a final judgment has been entered.

---

[1] Government Code section 69955, subdivision (d), states: "No official or pro tempore court reporter may destroy the reporting notes taken by him [or her], and no clerk of the court may destroy the reporting notes delivered to him [or her] until after five years from the taking of the notes and upon the order of the court."

[2] The administrative order pursuant to which the notes were destroyed is a standing order of the superior court, issued by the presiding judge in 1973. It permits destruction of notes after five years "UNLESS a Judge of the [Orange County Superior] Court shall order you in writing not to destroy the notes taken in a particular case."

[3] Everett maintains destruction of notes under Government Code section 69955 is automatic. However, subdivision (d) specifically requires an order of the court before any notes can be destroyed.

We see no due process question. The operation of the statute worked a disadvantage on him by virtue of his *voluntary* absence. The court in *People v. Valdez* (1982) 137 Cal.App.3d 21 [187 Cal.Rptr. 65] addressed the same issue, holding where a defendant absconds and the notes have been lawfully destroyed in accordance with Government Code section 69955, no new trial will be ordered. (*Id.* at p. 24.) The court found Valdez was "solely responsible for the predicament with which he is faced. But for his culpable misconduct in fleeing the jurisdiction, his appeal would have been processed and a transcript prepared long before the authorized destruction of the notes." (*Id.* at p. 27.)

The *Valdez* court also observed that the defendant could have been sentenced in his absence, pursuant to Penal Code section 1193. "Had the court chosen to enter judgment in his absence, defendant's time for appeal would have expired. Moreover, even if an appeal had been filed, it could have been dismissed since defendant was a fugitive at large. [Citations.] [¶] Defendant has not been deprived of any fundamental right. The destruction of the records did not leave him in any worse position than a fugitive who was sentenced in his absence or fled after sentence." (137 Cal.App.3d at p. 27.)

Everett argues, because he was not hiding, his failure to appear for sentencing was not culpable misconduct. In fact, he lived in Florida in a manner inconsistent with that of a fugitive from justice: he used his own legal name in obtaining a divorce, remarrying, owning a business, and obtaining a driver's license. But Everett's lifestyle once outside of California is irrelevant. He fled to avoid imprisonment for his crimes, an act amounting to culpable misconduct.

■ Everett's argument that the statute contemplates an independent order by the trial judge in each case is also unavailing. The statute simply requires the passage of five years and an order of the court. Both requisites existed here. A review of the legislative amendments to Government Code section 69955 also reveals the weakness of his position. Between 1959 and 1971, reporters' notes in criminal cases could be destroyed after five years "only upon the order of the judge who tried the case or in his absence, upon the order of the presiding judge." The 1971 amendment (stats. 1971, ch. 302, p. 614, § 1) introduced the more general language, "upon the order of the court." This can only be viewed as the Legislature's effort to eliminate the requirement of trial court involvement in the decision to destroy notes in individual cases and permit routine destruction unless a specific order is

made to preserve them. The statute places a party on notice to make a request for a preservation order, which was not done here.

■ When transcript notes are no longer in existence, the proper procedure is to attempt to reconstruct the trial testimony in a settled statement. (*People* v. *Moore* (1988) 201 Cal.App.3d 51, 56 [248 Cal.Rptr. 31].) "A satisfactory record may at times be prepared through the use of notes taken during the trial by the attorneys and the trial judge; by the memories of attorneys, witnesses, and jurors; by agreement of the parties; and possibly from other sources." (*Ibid.*; see, e.g., *People* v. *Scott* (1972) 23 Cal.App.3d 80 [100 Cal.Rptr. 34] [preliminary hearing transcript available together with recollection of trial judge and trial counsel]; *People* v. *Fuentes* (1955) 132 Cal.App.2d 484 [282 P.2d 524] [reporter's lost notebook replaced by notes of judge, recollection of reporter and suggestions of counsel]; *People* v. *Chessman* (1950) 35 Cal.2d 455 [218 P.2d 769, 19 A.L.R.2d 1084] [notes of deceased reporter transcribed by another reporter using notes of trial judge and prosecutor with corrections by defendant].) Where transcript notes are unavailable, the defendant must show it is impossible to secure an adequate substitute for the missing transcript, before a new trial will be ordered. (*People* v. *Moore, supra*, 201 Cal.App.3d at p. 56.)

Everett has made no showing that a settled statement was impossible to secure or would be inadequate. To the contrary, the trial judge has indicated he has a recollection of the trial. In addition, the notes of the deputy district attorney representing the People during trial still exist. Moreover, a substantial portion of the record was preserved, and Everett can reconstruct his lost testimony. There is a strong likelihood that, despite the passage of time, a settled statement could have been developed.[4]

The current state of the record is of Everett's own making. He cannot be heard to complain of a due process violation.

---

[4] Everett attaches several letters as appendices to his brief: one from his attorney to the deputy district attorney stating counsel's belief it would be impossible to prepare a settled statement due to the passage of time since the trial and the change of counsel on the case; the deputy's reply stating he felt it would be possible to develop a settled statement because the trial judge remembers the case very well; Everett's attorney's letter to the trial judge requesting him to draft the settled statement; and, the trial judge's refusal to draft the statement.

Respondent has moved to strike the letters as not properly part of the record on appeal. We agree they are outside the record and accordingly grant the motion. However, even if we did consider the letters, they do not help Everett's case because they indicate he did not pursue the settled statement to any appreciable degree. Instead of working with the deputy district attorney to draft the statement, he inappropriately asked the trial judge to write it. Once the trial judge refused, he apparently made no further efforts. For example, no mention is made of any effort to determine whether the defense trial attorney is still alive and recollects the trial or has notes of it.

III-V*

. . . . . . . . . . . . . . . . . . . . . . .

Judgment affirmed.

Crosby, J., and Moore, J., concurred.

---

* See footnote, *ante*, page 932.