Strafford
No. 2003-301

THE STATE OF NEW HAMPSHIRE

v.

ALEX BRENES

Submitted: March 31, 2004
Opinion Issued: April 29, 2004

*Peter W. Heed*, attorney general (*Simon R. Brown* and *N. William Delker*, senior assistant attorneys general, on the brief), for the State.

*Christopher M. Johnson*, chief appellate defender, of Concord, on the brief, for the defendant.

## *MEMORANDUM OPINION*

DALIANIS, J. The defendant, Alex Brenes, appeals his conviction by a jury in 1992 of one count of felonious sexual assault, *see* RSA 632-A:3 (1996) (amended 1997, 2003), and the order of the Superior Court (*Mohl, J.*) denying his motion to continue his sentencing eleven years later. The defendant asserts that there was insufficient evidence to support his conviction. As he acknowledges, however, we are unable to review this issue because there is neither a transcript of his trial nor an adequate transcript substitute. *See* SUP. CT. R. 13, 15; *State v. Woods*, 139 N.H. 399, 403 (1995) (where there is no transcript, we presume evidence was sufficient to support result below). As the absence of an adequate record is due to the defendant's own misconduct, we affirm.

The defendant fled the jurisdiction after he was convicted in 1992, but before he was sentenced. He remained a fugitive until his arrest in Louisiana in 2002. Following his return to New Hampshire, the Superior Court (*Fauver, J.*) sentenced him to three and one-half to seven years in the New Hampshire State Prison, stand committed. Before the April 2003

sentencing hearing, the defendant moved for a continuance to permit his counsel to obtain a copy of the trial transcript. This motion was denied on the ground that there were no tapes from which a transcript could be prepared, as the matter was more than ten years old. *See* SUPER. CT. ADMIN. R. 3-9. This appeal followed.

The defendant argues that the destruction of the tape recording and accompanying notes from his trial, *see id.*, deprived him of his State and federal procedural due process rights and entitles him either to a new trial or reversal of his conviction. *See* N.H. CONST. pt. I, art. 15; U.S. CONST. amends. V, XIV.

We first address the defendant's claim under the State Constitution, *State v. Ball*, 124 N.H. 226, 231 (1983), and cite federal opinions for guidance only, *id.* at 232-33.

■ We fail to see a due process question on these facts. *See People v. Everett*, 274 Cal. Rptr. 429, 431 (Ct. App. 1990). The tape recording and notes were destroyed pursuant to Superior Court Administrative Rule 3-9, which provides that "[a]ll stenographic notes" may be destroyed "ten years following the date the[y] were recorded." SUPER. CT. ADMIN. R. 3-9(b). This rule disadvantaged the defendant solely because his flight caused a delay of more than ten years between conviction and sentencing. *See Everett*, 274 Cal. Rptr. at 431. "But for his culpable misconduct in fleeing the jurisdiction, . . . a transcript [would have been] prepared long before the authorized destruction of the notes." *Id.* (quotation omitted). We do not agree that the application of this reasonable procedural rule designed to protect the orderly and efficient use of criminal justice system resources violates the defendant's procedural due process rights. *See State v. Troupe*, 891 S.W.2d 808, 812 (Mo. 1995) (en banc). "The current state of the record is of [the defendant]'s own making. He cannot be heard to complain of a due process violation." *Everett*, 274 Cal. Rptr. at 432. "Plainly stated, the defendant may have limited his own due process rights, but the justice system did not violate those rights." *State v. Bishop*, 795 A.2d 297, 308 (N.J. Super. Ct. App. Div. 2002).

Because the Federal Constitution affords the defendant no greater protection in this context, *see Goeke v. Branch*, 514 U.S. 115, 119-20 (1995), we reach the same conclusion under the Federal Constitution as under the State Constitution. *See* U.S. CONST. amends. V, XIV.

■ Having found no violation, we need not reach the question of remedy. We observe, however, that courts generally agree that when the records of a defendant's trial have been lost or destroyed while he was a fugitive from justice, neither a new trial nor vacatur of the conviction is warranted. *See Everett*, 274 Cal. Rptr. at 431-32; *People v. Iacopelli*, 367 N.W.2d 837

(Mich. Ct. App. 1985) (defendant not entitled either to reversal or new trial where trial transcripts were lost and could not be reconstructed because he was fugitive for nine years before sentencing); *Bellows v. State*, 871 P.2d 340 (Nev. 1994) (defendant not entitled to new trial when he escaped prior to sentencing and remained fugitive for nearly eight years); *Bishop*, 795 A.2d at 300, 306-08 (defendant not entitled to vacatur of conviction or new trial where because of his flight and resultant nineteen-year delay between jury verdict and sentence, stenographic notes of trial were lost); *Com. v. Johnson*, 764 A.2d 1094, 1098-99 (Pa. Super. Ct. 2000) (defendant not entitled to new trial where trial transcript unavailable because he was fugitive for ten years); *State v. Verikokides*, 925 P.2d 1255, 1256-58 (Utah 1996) (defendant not entitled to new trial where his seven-year absence as fugitive caused loss of transcript, trial evidence and exhibits).

Although the defendant refers in passing to an equal protection claim, we decline to devote judicial resources to this undeveloped argument. *See State v. Blackmer*, 149 N.H. 47, 49 (2003); *State v. Chick*, 141 N.H. 503, 504 (1996) (passing reference to constitutional claim renders it waived).

In light of our decision, we need not decide whether the defendant automatically forfeited his right to appellate review when he fled the jurisdiction. *See State v. Patten*, 134 N.H. 319 (1991) (where defendant escaped from custody after sentencing and remained fugitive from justice while appeal was pending, he automatically forfeited right to appellate review); *Ortega-Rodriguez v. United States*, 507 U.S. 234, 242 (1993) (where fugitive returns before appeal process, no automatic forfeiture). *See generally* Annotation, *Effect of Escape By, or Fugitive Status of, State Criminal Defendant on Availability of Appeal or Other Post-Verdict or Post-Conviction Relief-State Cases*, 105 A.L.R. 5TH 529, 554-55 (2003) (noting that some States have ruled that defendants who escape from custody automatically forfeit right to appeal, even after recapture and return to custody, while others have held that forfeiture does not occur unless defendant's absence adversely affected appellate process).

*Affirmed.*

DUGGAN, J., concurred; PERKINS and BARRY, JJ., superior court justices, specially assigned under RSA 490:3, concurred; GRAY, J., retired superior court justice, specially assigned under RSA 490:3, concurred.