Filed 6/30/14  P. v. Martin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072310 |
| v. | (Super. Ct. No. CRF958217) |
| BEN ORLANDO MARTIN, | |
| Defendant and Appellant. | |

In September 1996, defendant Ben Orlando Martin absconded near the end of his jury trial and was convicted in absentia of two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[1] a single count of criminal threats (§ 422), and a single count of dissuading a witness by force or threat (§ 136.1, subd. (c)(1)).  Defendant was apprehended in December 2011.  In October 2012, he admitted a strike allegation and was sentenced to serve a stipulated term of 11 years in state prison.

---

[1]     Undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends the absence of the reporter's transcript from his trial prevents meaningful appellate review of his conviction, thus entitling him to a new trial. He also contends the court security fee (§ 1465.8) and criminal justice assessment (Gov. Code, § 70373) were improperly imposed.

We reject the first contention because defendant is responsible for the court reporter's inability to prepare a trial transcript. The trial records were lawfully destroyed after 10 years, during the 15-year period where defendant was a fugitive. As to the second contention, we agree imposition of the fee and assessment was improper because defendant was convicted before the effective dates of the statutes. Accordingly, we strike the fee and assessment and affirm the judgment as modified.

BACKGROUND[2]

When the record on appeal was filed in this case, there was no reporter's transcript of defendant's trial. Enclosed with the record was a letter from the Yolo County Superior Court deputy clerk stating, "[d]ue to the year that the trial took place the record was unable to be produced." On January 11, 2013, we granted defendant's motion to augment the record with the reporter's transcript of the trial. In response, the court reporter filed a letter with this court stating her notes of the case were destroyed due to the passage of time, making it impossible to prepare a reporter's transcript.

Appellate counsel subsequently filed an application for a settled statement with the Yolo County Superior Court. The People filed an opposition, arguing that "due to the lawful destruction of the trial notes, deterioration of trial counsel's memory, and unavailability of witnesses due to the defendant's remaining a fugitive for over fifteen

---

[2]     We dispense with the facts of defendant's crimes because they are unnecessary to resolve this appeal.

2

years, a settled statement cannot be created." The Yolo County Superior Court denied defendant's motion.

After defendant filed his opening brief, we granted the Attorney General's motion to augment the record with a Yolo County Superior Court order authorizing the destruction of the court reporter's notes for defendant's trial pursuant to Government Code section 68152, and a declaration from the superior court's operation supervisor confirming the notes were destroyed.

DISCUSSION

**I**

***Lack of Reporter's Transcript***

Defendant contends the inability to get a reporter's transcript of his trial deprives him of meaningful appellate review, which requires reversing his conviction.

A criminal defendant has a due process right to an appellate record "sufficient to permit adequate and effective appellate review." (*People v. Rogers* (2006) 39 Cal.4th 826, 857-858.) Section 1181, subdivision (9), provides that a reviewing court "shall have [the] power" to order a new trial of an action "because of the loss or destruction, in whole or in substantial part," of the reporter's notes. To reverse a conviction due to the unavailability of a reporter's transcript, a defendant first must show the lack of a reporter's transcript adversely affected the appellate court's ability to conduct meaningful review. (*People v. Holloway* (1990) 50 Cal.3d 1098, 1116, disapproved on another ground in *People v. Stansbury* (1995) 9 Cal.4th 824, 830, fn. 1.) A defendant also must show it is impossible to get an adequate substitute for the missing transcript, such as a settled statement. (*People v. Moore* (1988) 201 Cal.App.3d 51, 56.) Finally, a defendant must show he or she is not responsible for the unavailability of the transcript. (*People v. Valdez* (1982) 137 Cal.App.3d 21, 25 (*Valdez*).)

3

Government Code section 68152 authorizes the destruction of a court reporter's notes "10 years after the notes have been taken in criminal . . . proceedings." (Gov. Code, § 68152, subd. (j)(7); see also Gov. Code, § 69955, subd. (e) [reporting notes in criminal proceedings may be destroyed after 10 years on court order].) Here, the court reporter's notes for defendant's trial were validly destroyed after 10 years. Had defendant not absconded for 15 years, defendant would have been sentenced in 1996 and a reporter's transcript of the trial would have been prepared for his appeal. Since defendant's unlawful action made it impossible to obtain a transcript of his trial, he is not entitled to a new trial. (*Valdez, supra*, 137 Cal.App.3d at p. 27; accord, *People v. Everett* (1990) 224 Cal.App.3d 932, 936 (*Everett*).)

While defendant admits he cannot distinguish *Valdez* and *Everett*, he asserts this court should exercise its discretion to grant a new trial. Defendant argues we should disregard *Valdez* and *Everett* because they are relatively old, isolated in their holdings, and were decided by other appellate districts. He is wrong.

*Valdez, supra,* 137 Cal.App.3d 21 and *Everett, supra,* 224 Cal.App.3d 932 are still good law. Both involve a defendant who absconds after being convicted but not sentenced, and is caught and sentenced after the lawful destruction of trial records. The defendants argued they were deprived of meaningful appellate review because the court reporter's notes had been destroyed. In declining to exercise its discretion to vacate the judgment and order a new trial, the *Valdez* court explained, the defendant "has not been deprived of any fundamental right. The destruction of the records did not leave him in any worse position than a fugitive who was sentenced in his absence or fled after his sentence. We are not inclined to treat defendant differently from other fugitives merely because of the fortuitous circumstance that the judge did not sentence him. Consequently, we decline to exercise our discretion to vacate the judgment and order a

4

new trial." (*Valdez, supra*, 137 Cal.App.3d at pp. 27-28; accord, *Everett, supra*, 224 Cal.App.3d at p. 936.)

Here, defendant is responsible for the lack of a reporter's transcript because he broke the law by absconding and succeeded in hiding from the courts for 15 years. Under these circumstances, we decline to order a new trial.

## II

### *Court Security Fee and Criminal Justice Assessment*

The abstract of judgment includes a section 1465.8, subdivision (a)(1), court security fee of $160 and a Government Code section 70373 criminal justice assessment of $120 even though the court did not impose them at sentencing. Defendant asserts, and the Attorney General agrees, the fee and assessment are invalid. We agree.[3]

The Legislature intended to apply the section 1465.8 fee to defendants convicted on or after its effective date. (*People v. Alford* (2007) 42 Cal.4th 749, 754 (*Alford*).) The Legislature intended the same as to the Government Code section 70373 assessment. (*People v. Castillo* (2010) 182 Cal.App.4th 1410, 1414 (*Castillo*).)

Defendant was convicted when found guilty by the jury in 1996. (*People v. Davis* (2010) 185 Cal. App. 4th 998, 1001.) Section 1465.8 was enacted with an operative date of August 17, 2003. (*Alford, supra*, 42 Cal.4th at p. 753, fn. 2.) Government Code section 70373 became operative on January 1, 2009. (*Castillo, supra*, 182 Cal.App.4th at p. 1413.) Since defendant was convicted before the operative dates of the statutes, we strike the court security fee and criminal justice assessment.

---

**3** Since the fees are mandatory, they were not improper because the court did not impose them when pronouncing judgment. (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157 [mandatory fees can be imposed at any time].)

## DISPOSITION

The judgment is modified to strike the Penal Code section 1465.8 court security fee and the Government Code section 70373 criminal justice assessment.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

           HOCH    , J.

We concur:

  NICHOLSON  , Acting P. J.

      DUARTE   , J.