# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2013-0571, <u>State of New Hampshire v. Robert D. Wade</u>, the court on May 12, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm the defendant's conviction, but vacate his sentence in part.

On the second day of his 1983 jury trial in the Superior Court (<u>Goode</u>, J.) for burglary, <u>see</u> RSA 635:1 (1986) (amended 1990), the defendant, Robert D. Wade, failed to appear. He was convicted <u>in absentia</u>, and remained a fugitive for twenty-nine years. Following his apprehension in 2012, the Superior Court (<u>Abramson</u>, J.) sentenced him on the conviction, adding a disciplinary period to the minimum term of the sentence pursuant to RSA 651:2, II-e (2007).

On appeal, the defendant challenges his conviction on the basis that the trial court allowed the victim's in-court identification of him over his federal due process objection, finding that the identification satisfied the reliability factors of <u>Neil v. Biggers</u>, 409 U.S. 188, 199-200 (1972). Despite the absence of a transcript of the 1983 trial court proceedings, the defendant asserts that the record is sufficient to decide this issue, arguing that a deposition transcript of the victim and notes that the prosecutor took during the 1983 trial proceedings constitute a sufficient substitute for a transcript. He further challenges his sentence, arguing that the trial court committed plain error by adding the disciplinary period to the minimum term of his sentence because the offense predated the effective date of RSA 651:2, II-e. The State counters that, without a transcript, the record is insufficient to decide whether the trial court properly allowed the victim's in-court identification. Alternatively, it urges us to dismiss the defendant's appeal of his conviction as a sanction for his twenty-nine-year absence. The State concedes, however, that the trial court committed plain error by imposing a sentencing term pursuant to RSA 651:2, II-e.

It is the defendant's burden on appeal to provide a record that is sufficient to decide the issues he is raising. <u>State v. Bergmann</u>, 135 N.H. 97, 99 (1991). We will not overturn a trial court decision denying a motion to suppress identification testimony unless the ruling is contrary to the weight of the evidence. <u>State v. Perri</u>, 164 N.H. 400, 404 (2012). Applying this standard necessarily requires that we review the record in its entirety. <u>Cf</u>. <u>id</u>. at 407 (finding that identification was reliable under totality of circumstances); <u>State v. Whittey</u>, 134 N.H. 310, 312-13 (1991) (State must demonstrate reliability in light of totality of circumstances, and we will not reverse unless the record

indicates that the decision was contrary to the weight of the evidence). In the absence of a transcript, we ordinarily assume that the evidence supports the trial court's decision. State v. Woods, 139 N.H. 399, 403 (1995).

In this case, we agree with the State that the record is insufficient to review the trial court's ruling on the motion to suppress. There is no record of the evidence presented to the trial court relative to the motion apart from the prosecutor's notes. The notes, in turn, reflect only testimony elicited during the defendant's cross-examination of the State's witnesses. Even if we were to assume that the notes accurately reflect all of the testimony elicited on cross-examination, they are silent as to whatever evidence may have been admitted on direct or redirect examination.

"[W]hen the records of a defendant's trial have been lost or destroyed while he was a fugitive from justice, neither a new trial nor vacatur of the conviction is warranted." State v. Brenes, 151 N.H. 11, 12 (2004). Here, we must assume that the evidence supported the trial court's ruling on the motion to suppress, see Woods, 139 N.H. at 403, and cannot say that it was contrary to the weight of the evidence, Perri, 164 N.H. at 404. Accordingly, we affirm the defendant's burglary conviction, and need not consider the State's request that we dismiss the appeal as a sanction. Because the parties agree, however, that the trial court committed plain error by applying RSA 651:2, II-e to his burglary sentence, and request that we vacate that sentencing term, we vacate only that portion of the burglary sentence that added a disciplinary period to the minimum sentence equal to 150 days for each year of the minimum term. In all other respects, the defendant's sentence on the burglary charge is affirmed.

Conviction affirmed; sentence affirmed in part; and vacated in part.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2