Filed 7/20/15  P. v. Washic CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRUCE CHARLES WASHIC,<br><br>    Defendant and Appellant. | D064514<br><br><br><br>(Super. Ct. No. SCD243025) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Affirmed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

In this driving under the influence (DUI) case, although initially the trial court

determined the reporter's transcript had been lost and was not retrievable, in related posttrial proceedings the court reporter was able to retrieve her transcript of the trial, the corrected transcript was filed and we ordered that the parties brief their contentions on the record as corrected by the reporter's transcript. In his brief on appeal, defendant and appellant Bruce Charles Washic contends neither the trial court nor this court had the power to correct or augment the record on appeal with the reporter's retrieved transcript. We reject this contention; the doctrine of res judicata did not prevent the trial court from correcting the record and, in any event, we have inherent power to order correction and augmentation of the record before us. Because defendant raises no alternative arguments on the merits of his conviction, we affirm.

## SUMMARY

Within a two week period in September 2012, Washic was stopped twice while driving under the influence. At the scene of the first incident, a preliminary alcohol screening breath test indicated Washic's blood alcohol concentration (BAC) was 0.08 percent; a later breath test conducted at a jail showed that Washic's BAC was 0.06 percent. In the second incident, Washic's BAC at the scene of the stop was measured at 0.08 percent; a later breath test conducted at a jail showed that Washic's BAC was 0.08 percent.

A jury convicted Washic of two counts of DUI within the meaning of Vehicle Code section 23152, subdivision (a) and one count of driving while having a BAC of 0.08 percent or more (Veh. Code, § 23152, subd. (b)). Washic admitted two prior DUI's within the meaning of Vehicle Code section 23550.5, and the trial court sentenced him to

2

two years in prison.  Washic filed a timely notice of appeal.

After Washic filed his notice of appeal, the court reporter filed an affidavit in which she stated she had lost four days of trial testimony because of damage to her computer.  The trial court conducted a hearing to determine whether a settled statement could be prepared and determined it was not possible to do so.  In his initial opening brief, Washic argued that in the absence of either a complete reporter's transcript or a settled statement, the judgment of conviction should be reversed because his counsel had no means of determining whether a reversible error had occurred.  (See *People v. Jones* (1981) 125 Cal.App.3d 298, 300-301.)

While Washic's appeal was pending, we issued an order to show cause to the court reporter.  In addition to requiring a response from the court reporter with respect to whether she should be sanctioned, we also directed that she produce her computer hard drive to the trial court for further inspection.  She did so, and the trial court was able to recover data from the computer hard drive and thereafter the reporter was able to prepare a complete transcript of the trial.  Each volume of the transcript contains an affidavit from the court reporter in which she attests that the transcript is a full, true and accurate record of proceedings conducted in the trial court.

The trial court filed the corrected and certified transcript with this court and notified the parties that the corrected and certified copies were available.  The trial court also afforded the parties the opportunity to inspect the computer hard drive and documentation the reporter submitted with respect to her efforts to recover data from the hard drive.

3

By separate order, this court struck the five volumes of transcripts that had previously been submitted by the court reporter and that contained no record of proceedings, struck the briefs the parties had previously submitted and directed that they file briefs on the merits on the basis of the corrected record.

DISCUSSION

On appeal, Washic contends that under principles of res judicata, the trial court's initial order determining that a settled statement was not possible is binding on the parties, the trial court and this court.

There are a number of problems with Washic's contention. First, by way of its order directing that the court reporter file the corrected transcript with this court, the trial court effectively vacated its earlier order determining that a settled statement was not possible; because the judgment in this case was not final at the time the trial court effectively vacated its earlier order, the doctrine of res judicata in no sense prevented the trial court from doing so. (See *City of Oakland v. Oakland Police & Fire Retirement System* (2014) 224 Cal.App.4th 210, 227–228 [res judicata applies to *final* judgments].) We are aware of no other limitation on the trial court's power over the record of proceedings before it that would undermine the trial court's power to provide us with a corrected transcript. Importantly we note that, although the court reporter's corrected transcript is presumptively correct, following the filing of the certified corrected reporter's transcript in this court, Washic could have challenged any errors or omissions he believed appeared in the corrected transcript. (See Code Civ. Proc., § 273, subd. (a); Cal. Rules of Court, rule 8.155(b)(1) & (c); see also *People v. Kronemyer* (1987) 189

4

Cal.App.3d 314, 354-359.)  Washic did not do so.

Second, in any event, it is axiomatic that we have inherent power to "direct the trial court to conduct proceedings necessary to supplement gaps in the record."  (*Marks v. Superior Court* (2002) 27 Cal.4th 176, 197; see Cal. Rules of Court, rule 8.155(b)(1) & (c).)

In sum, the presumptively correct corrected reporter's transcript is a proper part of the record on appeal.

As we indicated, Washic raises no contentions with respect to the merits of the judgment of conviction.

## DISPOSITION

The judgment of conviction is affirmed.


BENKE, Acting P. J.

WE CONCUR:


HALLER, J.


McINTYRE, J.


5