**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0284, <u>State of New Hampshire v. Jeremy Corning</u>, the court on January 14, 2020, issued the following order:**

Having considered the brief filed by the defendant, Jeremy Corning, the memorandum of law filed by the State, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant appeals his conviction for driving under the influence, a class B misdemeanor offense, following his bench trial in Circuit Court (<u>Spath</u>, J.). <u>See</u> RSA 265-A:2, I, :18, I(a) (2014). We affirm.

On appeal, the defendant first argues that the trial court erred by denying his motion to dismiss the case "for lack of a complete record." The defendant observes that, after the first day of trial, the trial court informed the parties that, because of an issue with the court's audio recording equipment, "a great deal of the arresting officer's testimony was not recorded." Thereafter, the trial court held a status conference, and the trial was continued to another day.

The defendant subsequently moved to dismiss the case for lack of a record, asserting that "[w]ithout a complete record, an appeal would be fruitless." The trial court denied the motion on the ground that, because the defendant did not request a record under RSA 599:1-c, I (2001), whether the sound recording system malfunctioned was "not futile to the case."

RSA 599:1-c, I, provides: "Any person charged with any violation or class B misdemeanor may, at least 5 days prior to trial, request the [circuit] court that a sound recording be kept of all proceedings in his trial. If such a request is made, the [circuit] court shall make the sound recording at no cost to the person requesting it." Here, the defendant concedes that he did not request that a sound recording be made. Under these circumstances, we conclude that the trial court did not err by denying the defendant's motion to dismiss.

Although the defendant argued in the trial court that the lack of a record deprived him of due process, he has not briefed a due process argument on appeal. Therefore, we deem that argument to be waived. <u>See</u> <u>In re Estate of King</u>, 149 N.H. 226, 230 (2003).

The defendant next asserts that the trial court erred by denying his motion to sequester the State's expert witness. He argues that the trial court's

ruling violates New Hampshire Rule of Evidence 615(a), which requires the court to sequester a witness at a party's request except under certain circumstances such as that a party has shown that the witness's presence is "essential to presenting the party's claim or defense." N.H. R. Ev. 615(a)(3).

We are unable to review this issue substantively because we lack a sufficient record. As the appealing party, the defendant had the burden of providing this court with a record sufficient to decide his issues on appeal. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). The defendant argues that he should be relieved of this burden. He asserts that the failure to preserve the record "was . . . not [his] fault."

To the contrary, as one charged with a class B misdemeanor, the defendant was required by statute to submit a request, at least five days before trial, that a sound recording of the trial be made. See RSA 599:1-c (2001). By his own admission, he failed to make that request. Moreover, Supreme Court Rule 15 makes clear that the appealing party is responsible for having a transcript prepared, if that party believes that a transcript is necessary for the appeal. See Sup. Ct. R. 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the moving party shall include in the record a transcript of all evidence relevant to such finding or conclusion."). In this case, the defendant failed to have any portions of the trial transcribed, including any proceedings related to his motion to sequester.

Under these circumstances, therefore, we conclude that the defendant was not relieved of his burden of providing this court with a record sufficient to decide his appeal issues. Without a transcript, we have no way of reviewing the trial court's denial of the defendant's motion to sequester the State's expert witness, and, therefore, must uphold that decision. See State v. Brenes, 151 N.H. 11, 11 (2004) (affirming defendant's conviction where we were unable to review his appellate arguments because "there is neither a transcript of his trial nor an adequate transcript substitute").

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**